**Sam Franklin THOMAS,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5171.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 6, 2003.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

DECISION

PER CURIAM.

Sam Franklin Thomas brought an action in the United States Court of Federal Claims for copyright infringement under 28 U.S.C. § 1498. In his complaint, Mr. Thomas alleged that he developed the idea

---

for a postcard commemorating Dr. Martin Luther King, Jr. and that the United States, acting through the United States Postal Service, later improperly used his idea. On May 23, 2002, the court issued an order dismissing Mr. Thomas's complaint pursuant to Court of Federal Claims Rule 12(b)(4) for failure to state a claim upon which relief could be granted. Based upon the material attached to the complaint, the court concluded that Mr. Thomas could not establish copyright ownership, which is a prerequisite for a cause of action against the United States under section 1498. *See* 28 U.S.C. § 1498(b). The court also concluded that the complaint was subject to dismissal based on the alternate ground of summary judgment. The court pointed out that the idea of making a postcard commemorating Dr. King is not the proper subject of a copyright, even if it includes a drawing. The court stated that, even if Mr. Thomas did create a drawing of Dr. King that was the subject of a copyright, the Postal Service postcard that Mr. Thomas alleged to be infringing utilized a completely different drawing and therefore the Postal Service did not violate Mr. Thomas's rights. Mr. Thomas now appeals the dismissal of his complaint. We *affirm*.

## DISCUSSION

"A motion to dismiss ... for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000). Summary judgment is appropriate where the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court of Federal Claims did not err in dismissing Mr. Thomas's complaint.

The elements of copyright infringement as set forth by the Supreme Court are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). As noted above, the Court of Federal Claims concluded that neither of these requirements was met in this case.

■ On appeal, Mr. Thomas does not challenge the court's determination that he failed to allege copyright ownership. He acknowledges that the copyright registration referenced in the complaint indicates that the postcard was a work made for hire owned by the Alkebulan Center. Although Mr. Thomas created the drawing that is the subject of the copyright, the Alkebulan Center owns the rights to the copyright as Mr. Thomas's employer. In fact, Mr. Thomas's name does not appear on the registration, and there is no allegation of an assignment of interest.

■ Neither does Mr. Thomas challenge the court's alternate ground for dismissing the complaint that, even if the copyright belonged to Mr. Thomas, it was not infringed by the Postal Service. The Postal Service's postcard of Dr. King was based on a commemorative stamp of Dr. King that the Postal Service issued in 1979, long before the asserted copyright issued. The postcard is not a copy of Mr. Thomas's postcard, nor is it an unlawful appropriation. Moreover, Mr. Thomas improperly claimed copyright infringement based on the idea of featuring Dr. King on a postcard rather than infringement based on the copyrighted expression. The protection granted to a copyrighted work extends only to the particular expression of the idea, not to the idea itself. *Feist*, 499

U.S. at 350. Therefore, Mr. Thomas's idea of featuring Dr. King on a postcard may not be protected under copyright law.

Mr. Thomas argues that the Court of Federal Claims failed to consider "Article and Documents pertaining to [Mr. Thomas's] future Autobiography pending Court relief." However, these materials, which are included with Mr. Thomas's informal reply brief, are not relevant to the issue of whether the court properly dismissed the complaint.

For the foregoing reasons, the order of the Court of Federal Claims dismissing Mr. Thomas's complaint is affirmed.