NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5057

SAM FRANKLIN THOMAS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Sam Franklin Thomas, of Huntsville, Alabama, pro se.

Scott Bolden, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, and John J. Fargo, Director.

Appealed from: United States Court of Federal Claims

Senior Judge Eric Bruggink

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5057

SAM FRANKLIN THOMAS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  August 8, 2007

_____

Before RADER, SCHALL, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

The Court of Federal Claims dismissed with prejudice Mr. Sam Franklin Thomas's claim that the government is liable for copyright infringement.  <u>Sam Franklin Thomas v. The United States</u>, Order No. 06-822C (Fed. Cl. 2006).  Mr. Thomas previously brought this same suit on February 2, 2002.  The Court of Federal Claims dismissed the 2002 suit on May 23, 2002.  Mr. Thomas appealed and our court affirmed.  <u>See</u> <u>Thomas v. United States</u>, 60 Fed.Appx. 279 (Fed. Cir. 2003).  The United

States Supreme Court denied a petition for certiorari.  Thomas v. United States, 540 U.S. 902 (2003).  On December 4, 2006, Mr. Thomas again filed the same copyright infringement claim in the Court of Federal Claims.  In his one-page complaint, Mr. Thomas stated that his "claim was never [given] a hearing in the Federal Claim[s] Court."  The Court of Federal Claims dismissed the complaint with prejudice based on res judicata.  Sam Franklin Thomas v. The United States, Order No. 06-822C (Fed. Cl. 2006).  Mr. Thomas for a second time appeals the dismissal of his complaint.  This court again affirms.

I

In his original suit, Mr. Thomas brought an action in the Court of Federal Claims for copyright infringement under 28 U.S.C. § 1498.  Mr. Thomas alleged that the United States Postal Service ("USPS") used his idea for a postcard commemorating Dr. Martin Luther King, Jr.  On May 23, 2002, the Court of Federal Claims dismissed Mr. Thomas's complaint for failure to state a claim upon which relief could be granted.  A previous panel of this court reviewed the merits of Mr. Thomas's complaint and affirmed the Court of Federal Claims dismissal because, inter alia, "Mr. Thomas improperly claimed copyright infringement based on the idea of featuring Dr. King on a postcard rather than infringement based on the copyrighted expression.  The protection granted to a copyrighted work extends only to the particular expression of the idea, not to the idea itself."  Thomas v. United States, 60 Fed.Appx. 279, 280 (Fed. Cir. 2003).

Mr. Thomas then filed a new complaint based on the same copyright infringement claim.  In this new complaint, Mr. Thomas argues that he was entitled to present an oral argument to the Court of Federal Claims.  The Court of Federal Claims

2007-5057                                        2

again dismissed Mr. Thomas's complaint. Now, Mr. Thomas appeals this second dismissal to this court. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II

Mr. Thomas's complaint to the Court of Federal Claims is barred by res judicata. The applicability of res judicata is a question of law that this court reviews without deference. Case v. United States, 88 F.3d 1004, 1008 (Fed. Cir. 1996). The doctrine of res judicata, or claim preclusion, prohibits a plaintiff from bringing multiple actions on the same claim. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The doctrine of res judicata bars a case where "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

This case satisfies each of the elements for res judicata. First, the same party, Mr. Thomas, has brought both suits. Second, the first suit proceeded to a final judgment on the merits when the 2002 claim was dismissed for failure to state a claim. The court explained then that copyright law protects expression, not ideas. Thomas, 60 Fed.Appx. at 280. Third, Mr. Thomas's second complaint, identical to the first complaint, claimed that he was entitled to $20 million in compensation for alleged copyright infringement by the USPS. Therefore, Mr. Thomas's second complaint is based on the same set of facts as his first complaint.

On appeal, Mr. Thomas seeks an oral argument before the Court of Federal Claims. However, the Court of Federal Claims provided Mr. Thomas with a full and fair opportunity to present his originally filed complaint. This full and fair opportunity does

not guarantee a right to present oral argument. Specifically, Federal Rule of Civil Procedure 12 only requires a party be provided the opportunity to present its views. "Every circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court." Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998) (Citing Lujan v. National Wildlife Fed'n, 497 U.S. 871, 910, (1990)).

For the foregoing reasons, the order of the Court of Federal Claims dismissing Mr. Thomas's complaint is affirmed.

AFFIRMED