NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCO ANTONIO GALLO-RODRIGUEZ,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5136

---

Appeal from the United States Court of Federal Claims in No. 11-CV-0782, Judge George W. Miller.

---

Decided: March 28, 2013

---

MARCO ANTONIO GALLO-RODRIGUEZ, of Bogota, Colombia, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STEWART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, BRIAN M. SIMKIN, Assistant Director and STACEY K. GRIGBY, Trial Attorney.

Before NEWMAN, LINN, and WALLACH, *Circuit Judges.*

PER CURIAM.

Marco Antonio Gallo-Rodriguez appeals the decision of the United States Court of Federal Claims ("Claims Court") granting the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. We *affirm*.

## BACKGROUND

Mr. Gallo-Rodriguez was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine on December 8, 1994. *Gallo-Rodriguez v. United States*, No. 11-782-C, 2012 U.S. Claims LEXIS 893, *2 (Fed. Cl. July 20, 2012). Subsequently, Mr. Gallo-Rodriguez filed multiple suits and appeals in multiple venues including a petition for writ of habeas corpus in the United States District Court for the Eastern District of Texas (which was then transferred to the United States District Court for the Southern District of Florida). *Id.* at *3-4.

The current case was initiated when Mr. Gallo-Rodriguez, appearing *pro se*, filed a Complaint with the Claims Court on November 21, 2011 demanding $500 million from the United States government. *Id.* at *1. Mr. Gallo-Rodriguez states that, while he was searching Public Access to Court Electronic Records to prepare documents for his suit in the United States District Court for the District of Columbia, he discovered that the memorandum of law he filed with his habeas petition was not included in his case file when it was transferred to the Southern District of Florida from the Southern District of Texas. *Id.* at *5-6. Appellant argued that this "'seriously compromise[d]'" the outcome of his habeas petition as well as his subsequent lawsuit and its appeal. *Id.* at *6 (quot-

ing Compl. at 2-3). The United States moved to dismiss the action on February 10, 2012, for lack of jurisdiction, arguing that the claims do not fall within the Claims Court's Tucker Act jurisdiction or, in the alternative, that they are time barred because they were filed beyond the six-year statute of limitations. *Id.* at *1-2. The Claims Court granted the Government's motion, and Mr. Gallo-Rodriguez filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

This court reviews the Claims Court's dismissal for lack of subject matter jurisdiction *de novo. Doe v. United States*, 463 F. 3d 1314, 1320 (Fed. Cir. 2006). The Tucker Act confers on the Claims Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Mr. Gallo-Rodriguez has the burden to show that jurisdiction exists. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). Furthermore, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. We construe the pleadings of pro se litigants liberally. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).

As before the Claims Court, Mr. Gallo-Rodriguez continues to allege a cause of action based upon the United States Supreme Court's decisions in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and *Carlson v. Green,* 446 U.S. 14 (1980). However, these decisions cannot form the basis for Tucker Act Jurisdiction. In *Bivens,* the Supreme Court held that a party may, under certain circumstances, bring an action for violation of constitutional rights against government officials in their individual capacities. *Bivens,* 403 U.S. at 395-96. Similarly, in *Carlson,* the Supreme Court in a *Bivens*-type action recognized that an individual may maintain a cause of action against federal government officials in their individual capacities for violation of constitutional rights. *Carlson,* 446 U.S. at 18. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States,* 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)). Accordingly, the Claims Court properly held it lacked jurisdiction over Mr. Gallo-Rodriguez's *Bivens* claims.

Mr. Gallo-Rodriguez also asserts that the court should have granted his request for a hearing pursuant to Rule 12(i) of the Rules of the United States Court of Federal Claims ("RCFC"). Rule 12(i) provides that "[i]f a party so moves, any defense listed in RCFC 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under RCFC 12(c) must be heard and decided before trial unless the court orders a deferral until trial." RCFC 12(i). However, the Claims Court provided Mr. Gallo-Rodriguez with a full and fair opportunity to present his originally filed Complaint and a response to the Motion to Dismiss, which he did on March 29, 2012. This opportunity does not guarantee a right to present oral argument, but only that a party be provided the opportunity to present its views. *Thomas v. United States,* 245 F. App'x. 18, 19 (Fed. Cir.

2007) (unpublished) (interpreting the analogous rule in the Federal Rules of Civil Procedure and noting that "every circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court.").

Mr. Gallo-Rodriguez also alleges a violation of the Due Process Clause of the Fifth Amendment.[1] However, it is settled precedent that this provision is not money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the government").

Finally, Mr. Gallo-Rodriguez argues that the Government's response to his Complaint was untimely filed because the motion did not appear on the electronic docket until three days after the deadline for filing. Appellant's Reply Brief at 6-7. However, according to the Claims Court's docket, the Clerk's Office stamped the filed copy of the Government's Motion as accepted on the date it was due, February 10, 2012. Defendant's Motion For Summary Dismissal of *Pro Se* Complaint at 1, *Gallo-Rodriguez*, 2012 U.S. Claims LEXIS 893, ECF No. 6.[2]

---

[1] Mr. Gallo-Rodriguez labels this claim a violation of the Just Compensation Clause of the Fifth Amendment; however, he then refers to the "seizure of a person who is actually innocent of the charges." Appellant's Brief at 1. This statement, if true, alleges a violation of the Due Process Clause of the Fifth Amendment, not a takings claim under the Just Compensation Clause.

[2] The Claims Court also correctly determined that this case was barred by the statute of limitations. Mr.

CONCLUSION

Because Mr. Gallo-Rodriguez has not asserted any ground that might entitle him to relief, we *affirm* the Claims Court's decision to dismiss for lack of jurisdiction.

**AFFIRMED**

---

Gallo-Rodriguez alleged that the destruction or disappearance of his memorandum of law occurred after he sent his habeas petition in 2001. *Gallo-Rodriguez*, 2012 U.S. Claims Lexis 893 at *14-15. Although Mr. Gallo-Rodriguez argues that he recently learned of the alleged disappearance of the memorandum, he could have obtained that information as early as 2001 and at the latest in 2002 when the district court dismissed his petition. *Id.* at *15. For the purposes of 28 U.S.C. § 2501, a "cause of action against the government has first accrued 'when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence.'" *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1350 (Fed. Cir. 2011) (citing *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988). Thus, any claim that Mr. Gallo-Rodriguez could raise regarding the alleged destruction of his memorandum of law accrued over six years before he filed his suit in 2011. *See* 28 U.S.C. § 2501 (a cause of action under the Tucker Act "shall be barred unless the petition thereon is filed within six years after such claim first accrues.").