Opinion for the court filed by Senior Circuit Judge ARCHER. Concurring-in-part and dissenting-in-part opinion filed by Circuit Judge DYK.
ARCHER, Senior Circuit Judge.
Alfred McZeal, Jr. (“McZeal”) appeals the judgment of the United States District Court for the Southern District of Texas dismissing his complaint for failure to state a claim. McZeal v. Sprint Nextel Corp., No. H-06-1775, 2006 WL 4792779 (S.D.Tex. June 20, 2006). Because McZeal met the minimal pleading requirements for his patent and trademark infringement claims, we vacate the district court’s dismissal of his complaint and remand for further proceedings.
I
McZeal sued Sprint Nextel Corporation and Nextel Communications, Inc. (collectively “Sprint Nextel”) alleging, inter alia, patent and trademark infringement.[1] The complaint in this case is ninety-five pages long, not including additional exhibits, and alleges twenty-four counts. At issue here is McZeal’s allegation that Sprint Nextel infringes his service mark INTERNATIONAL WALKIE TALKIE®.[2] He similarly contends that Sprint Nextel infringes U.S. Patent No. 6,763,226 (“the '226 patent”) through the use of the Motorola i930 cellular telephone.[3] As a part of his complaint, McZeal filed a motion for a temporary restraining order, a preliminary injunction, a permanent injunction, and a request for an expedited hearing.
In response to McZeal’s request for “an immediate hearing on the motion for injunctive relief requested in this complaint,” Compl. at 5, the trial court conducted a hearing shortly after the complaint was filed. During the hearing, the trial court inquired as to the exact nature of McZeal’s claims and questioned him regarding the nature of other lawsuits McZeal had filed. Following the district court’s prompting, Sprint Nextel orally moved to dismiss for failure to state a claim. The court concluded that McZeal’s complaint failed to state a claim and subsequently denied McZeal’s request to amend the complaint because the complaint “is irreparable because the facts— there are no missing facts. There just aren’t any facts.”
McZeal appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).
II
A motion to dismiss for failure to state a claim upon which relief can be granted is a *1356 purely procedural question not pertaining to patent law. Thus, on review we apply the law of the regional circuit. C & F Packing Co., Inc. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed.Cir.2000). In the Fifth Circuit, a decision under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim is reviewed de novo. United States v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 379 (5th Cir.2003). “[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.” Copeland v. Wasserstein, Perella & Co., Inc., 278 F.3d 472, 477 (5th Cir.2002). “Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief.” Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir.2002).
Where, as here, a party appeared pro se before the trial court, the reviewing court may grant the pro se litigant leeway on procedural matters, such as pleading requirements. Indeed, the Supreme Court has recognized this less demanding standard. In Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), the Court concluded that the pleadings of pro se litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim, because “[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.” Id. at 9, 101 S.Ct. 173; see also Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding a pro se complaint to “less stringent standards than formal pleadings drafted by lawyers” when determining whether to dismiss the complaint for failure to state a claim). The Fifth Circuit echoes this standard, noting that it is well established that “pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.” Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir.1981). “However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, ‘conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.’ ” Taylor, 296 F.3d at 378 (internal citations omitted).
The Supreme Court has explained what is necessary for a claimant to state a claim:
Federal Rule of Civil Procedure 8(a)(2) requires only “a short and plain statement of the claim showing that the pleader is entitled to relief,” in order to “give the defendant fair notice of what the ... claim is and the grounds upon which it rests.”
Bell Atlantic Corp. v. Twombly, — U.S. -, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (“Bell Atlantic ”)[4]; see also Fed.R.Civ.P. Form 16 (2006) (setting forth a sample complaint for patent infringement that in- *1357 eludes only the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent “by making, selling, and using [the device] embodying the patent”; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages); Conley, 355 U.S. at 47, 78 S.Ct. 99 (stating that “[the] illustrative forms appended to the Rules plainly demonstrate [the pleading requirements]”). It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. See Bell Atlantic, 127 S.Ct. at 1971 n. 10 (stating “[a] defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 [in the Federal Rules of Civil Procedure] would know what to answer; a defendant seeking to respond to plaintiffs’ conclusory allegations ... would have little idea where to begin.”). Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent. See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed.Cir.2000). Here, McZeal asserted ownership of the '226 patent, Compl. at 13; named Sprint Nextel as defendants, Compl. at 15-16; cited the 226 patent as allegedly infringed, Compl. at 14; described the means by which Sprint Nextel allegedly infringes (“[t]he defendant’s INTERNATIONAL WALKIE TALKIE machine physically have [sic] or perform all of the basic elements contained in the patent claims of the plaintiff and further infringes under the doctrine of equivalents,”) Compl. at 14, 56; and pointed to the specific parts of the patent law invoked (“35 U.S.C. § 271,” Compl. at 5). More specifically, McZeal’s complaint alleges that the “[Motorola i930] manufactured and distributed by the defendants, which claims to be an ‘International Walkie Talkie Machine’ and which purports to provide TNTERN-TAIONAL WALKIE TALKIE®’ service or global wireless Voice Over Internet Protocol (VoIP) communications” infringes his patent. Compl. at 14. McZeal further asserts:
The technology cell phone product line called Motorola Í930 “INTERNATIONAL WALKIE TALKIE” offered by the defendants, falls within the scope of one or more claims of the patented World Wide Walkie Talkie/International Walk-ie Talkie invention. Plaintiff further asserts herein that the infringing MOTOROLA i930 and line of wireless VoIP products are logically equivalent, performs [sic] in essence the same utility as the plaintiffs WORLDWIDE WALKIE TALKIE®/INTERNATIONAL WALK-IE TALKIE® invention and infringes [sic] on the plaintiffs issued patent....
Compl. at 28.[5] Accordingly, McZeal’s complaint contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion. See Conley, 355 U.S. at 47-48, 78 S.Ct. 99; Phonometrics, 203 F.3d at 794. Nothing more is required.
During the hearing, the trial court noted that McZeal had “conceded that [he] didn’t know what device, what mechanism or what means Nextel uses to transmit and *1358 connect its telephone customers to the rest of the world.” At this stage in the litigation, all McZeal has access to is Sprint Nextel’s public statements and advertisements. From this information he has fashioned his complaint. In this case, the specifics of how Sprint Nextel’s purportedly infringing device works is something to be determined through discovery.
Turning to the claim of trademark infringement, a plaintiff must plead that a defendant uses a designation in interstate commerce and in connection with goods or services where the designation is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the defendant with another person, and the plaintiff has been or is likely to be damaged by these acts. 5 McCarthy On Trademarks, § 27:13 (2006). McZeal has alleged that Sprint Nextel uses and advertises INTERNATIONAL WALKIE TALKIE (“the same mark as the plaintiff,” Compl. at 27), for “identical telecom services and products, which are confusingly similar to plaintiffs, but without a license or permission from the plaintiff,” id. McZeal further asserts that Sprint Nextel’s improper use of the INTERNATIONAL WALKIE TALKIE® mark “has caused and is likely to continue to cause members of the public to believe that the Defendant’s telephone services are offered by way of a license or other agreement with Plaintiff, which in fact they are not.” Compl. at 41; see Compl. at 61. Finally, McZeal has also alleged that Sprint Nex-tel’s services are “causing irreparable economic loss to the plaintiff and affiliates.” Compl. at 30. Thus, McZeal has indeed pled the required elements of a trademark infringement claim.
The district court held McZeal’s trademark invalid as generic. At this stage in the litigation, this finding on its face is insufficient because whether a term is generic is a question of fact. See Soe’y of Financial Examiners v. Nat’l Ass’n of Certified Fraud Examiners, 41 F.3d 223, 226 (5th Cir.1995). Because the trial court ruled on this issue prematurely, we vacate this determination.
By ruling in MeZeal’s favor, we do not condone his method of pleading. McZeal is no stranger to legal proceedings, having filed numerous complaints in the past and having many dismissed for failure to state a claim. In this case, as noted previously, McZeal filed a voluminous complaint with multiple counts, many of which are baseless and frivolous. The remand will provide an opportunity for the district court to require McZeal to delineate his patent and trademark infringement claims and the evidence supporting these claims. The court can then construe the claims, Markman v. Westview Instr., 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), and entertain summary judgment motions. As the Fifth Circuit has noted
It may well be that plaintiffs allegations may not be able to stand the scrutiny of a motion for summary judgment supported by affidavits. But where pleadings are sufficient, yet it appears almost a certainty to the court that the facts alleged cannot be proved to support the legal claim, a motion to dismiss for failure to state a claim must nevertheless be overruled. Under a motion for summary judgment, the court can instead consider affidavits or depositions, answers to interrogatories and the material outside the pleadings. If these documents reveal that no genuine issue of fact exists, then a summary judgment properly disposes of the case.
Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759, 761 (5th Cir.1984).
Because McZeal met the low bar for pro se litigants to avoid dismissal on the basis of Fed.R.Civ.P. 12(b)(6), we vacate the trial court’s dismissal of McZeal’s complaint and remand for further proceedings. *1359 McZeal’s complaint certainly does not contain enough facts for the temporary restraining order and injunctions that he sought with his complaint, and any motion for this relief was properly denied by the district court. However, the district court should not have dismissed McZeal’s entire complaint.
As to Sprint Nextel’s arguments, they can now more appropriately be made to the district court.

VACATED and REMANDED

COSTS
No costs.

. Because the district court viewed McZeal's other causes of action as being derivative from his claims for patent and trademark infringement, the remaining counts of the complaint were not addressed at the trial level, and we decline to do so now.

. During an exchange with the district court, McZeal made clear that the INTERNATIONAL WALKIE TALKIE® mark was at issue, not the WORLDWIDE WALKIE TALKIE® mark, contrary to his assertions in his Reply brief: "The issue is International Walkie Talkie, your Honor. I think one of their agents are [sic] using International Walkie Talkie, or a few of the agents. I didn’t really have any problems with Worldwide Walkie Talkie. The issue here is with International Walkie Talkie.” As to any infringement of McZeal's PUSH TO TALK WORLDWIDE® mark, McZeal has not met the pleading requirements for this service mark to sustain his claim. Indeed, the PUSH TO TALK WORLDWIDE® mark was mentioned only in passing in McZeal's lengthy complaint, and the complaint contained no assertion that Sprint Nex-tel's use of the mark, if any, caused confusion in the public as to the source of the services.

.McZeal describes his patent as being “a computer/cellular based instant messenger and voice Over IP invention.” Compl. at 14.

. Later in its Bell Atlantic opinion, the Court discusses and clarifies a phrase from its earlier opinion in Conley v. Gibson ("Conley ”). The Court noted that the language "no set of facts” contained in Conley could be read "as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings.” Bell Atlantic, 127 S.Ct. at 1968. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.” Id. at 1969. This does not suggest that Bell Atlantic changed the pleading requirement of Federal Rule of Civil Procedure 8 as articulated in Conley. In fact, as illustrated above, Bell Atlantic favorably quoted Conley.

. McZeal also explains that the Motorola i930 telephone:
When used as any wireless apparatus over the internet or data network telephone infringes plaintiff’s patent via the Doctrine of Equivalents because the elements of the infringing device is [sic] the equivalent on [sic] the plaintiff's patented invention and because it performs the same function, in the same way using a cellular telephone to achieve the same result, and/or the role of the infringing device element is substantially the same as that of plaintiff's invention.
Compl. at 57.