NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1374

ALFRED MCZEAL, JR.
(doing business as International Walkie Talkie),

Plaintiff-Appellant,

v.

SPRINT NEXTEL CORPORATION
and NEXTEL COMMUNICATIONS, INC.,

Defendants-Appellees.

Alfred McZeal, Jr., of Houston, Texas, pro se.

Michael B. Bennett, Baker Botts, LLP, of Houston, Texas, for defendants-appellees. With him on the brief was L. Gene Spears.

Appealed from: United States District Court for the Southern District of Texas

Judge Lynn N. Hughes

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1374

ALFRED MCZEAL, JR.
(doing business as International Walkie Talkie),

Plaintiff-Appellant,

v.

SPRINT NEXTEL CORPORATION
and NEXTEL COMMUNICATIONS, INC.,

Defendants-Appellees.

Appeal from the United States District Court for the Southern District of Texas
in case no. 06-CV-1775, Judge Lynn N. Hughes.

_____

DECIDED:    June 18, 2009

_____

Before MICHEL, Chief Judge, RADER and DYK, Circuit Judges.

DYK, Circuit Judge.

Alfred McZeal, Jr., d/b/a International Walkie Talkie ("McZeal"), appeals the judgment of the United States District Court for the Southern District of Texas dismissing his complaint for failure to state a claim and for want of prosecution. McZeal v. Sprint Nextel Corp., No. 06-CV-1775, slip op. at 2 (S.D. Tex. Mar. 14, 2008) ("Final Dismissal Memorandum"). While we conclude that the dismissal for failure to state a claim was improper, we affirm the dismissal for want of prosecution.

BACKGROUND

McZeal brought suit against Sprint Nextel Corporation and Nextel Communications, Inc. (collectively "Sprint Nextel") alleging, inter alia, patent and trademark infringement. McZeal contends that Sprint Nextel infringed the claims of U.S. Patent No. 6,763,226 (the "'226 Patent") and infringed his registered service mark INTERNATIONAL WALKIE TALKIE, Registration No. 3,016,449.

At an earlier stage of this case, the district court dismissed the case for failure to state a claim upon which relief could be granted. McZeal v. Sprint Nextel Corp., No. 06-CV-1775 (S.D. Tex. June 20, 2006). On appeal, we vacated and remanded. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1359 (Fed. Cir. 2007). We noted that it was well established under Fifth Circuit precedent that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Id. at 1356 (quotation marks omitted). We said that "McZeal's complaint contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion." Id. at 1357. The district court was to provide McZeal the opportunity, through discovery, to determine "the specifics of how Sprint Nextel's purportedly infringing device works." Id. at 1358. We clarified the remand when we said:

> By ruling in McZeal's favor, we do not condone his method of pleading. McZeal is no stranger to legal proceedings, having filed numerous complaints in the past and having many dismissed for failure to state a claim. In this case, as noted previously, McZeal filed a voluminous complaint with multiple counts, many of which are baseless and frivolous. The remand will provide an opportunity for the district court to require McZeal to delineate his patent and trademark infringement claims and the evidence supporting these claims.

Id. (emphasis added).

On remand, McZeal pursued his infringement claim against Sprint Nextel based on the '226 Patent. McZeal also continued to pursue a trademark infringement complaint based on his registered service mark INTERNATIONAL WALKIE TALKIE.[1]

The district court discussed our decision to vacate and remand this case, stating at oral argument on December 4, 2007: "I'm actually comfortable simply holding the same way I held last time"; "'Their writ,' to quote a 1920s lawyer, does not run to the rational faculties"; and "this is absurd."

However, the district court did not dismiss at that time. The district court ordered McZeal to produce a claim chart for his patent claim at the end of three months. The district court further stated that if McZeal did not "explain precisely what it is in [his] patent that has been violated by this particular defendant," his complaint would be dismissed. Then, again as to the patent infringement claim, the district court granted McZeal limited discovery—ordering Sprint Nextel to produce the dates of use in the United States of the specific models identified in McZeal's complaint, the six "most cogent" patents owned by Sprint Nextel, and a list of the Voice Over Internet Protocol wireless phones Sprint Nextel was marketing in the United States as of September 2007—all of which Sprint Nextel was required to produce by February 29, 2008.

Then, as to the trademark claim, the district court ordered Sprint Nextel to identify the "extent and timing of all uses by" Sprint Nextel of the trademarks at issue. McZeal was also ordered to provide Sprint Nextel "with a list by December 11th of all Web sites

---

[1] To the extent that McZeal claims that other trademarks are at issue, we note that our prior decision in this case held that only the one trademark was at issue. See McZeal, 501 F.3d at 1355 n.2 ("McZeal made clear that INTERNATIONAL WALKIE TALKIE® mark was at issue, not the WORLDWIDE WALKIE TALKIE® mark . . . . As to

that [he had] in the last three years," and by February 29th "a precise description under oath how, when, and where" he used his trademark. Sprint Nextel was ordered by February 29th to provide to McZeal any evidence it had ever used the marks.

McZeal provided none of the required information within the time limits established by the district court. Nor did he file a request for more time in order to comply with the district court's order. On March 10th, at the next scheduled hearing, McZeal arrived twenty minutes late. The district court dismissed the case for failure to state a claim and for want of prosecution. At the hearing, the district judge stated, "Because I was obliged by a gross error in the Court of Appeals to readdress the case, I did. I asked you to do a few fairly straightforward, simple things that would have helped Sprint understand what you thought you were doing, and Sprint sent you the stuff I asked it to."

Also on March 10th, McZeal filed a document stating that he lacked sufficient information to prepare the preliminary claim chart.

In its Final Dismissal Memorandum, the district court stated, "Since 1992, Alfred McZeal has filed 13 civil actions and six bankruptcies. They have all failed at an early stage—dismissed for failure to state a claim or for want of prosecution." Final Dismissal Memorandum, slip op. at 1. The district court also stated, "[McZeal] was ordered to take three months and (a) produce supporting documents, (b) work with defense counsel, and (c) appear for the hearing at 4:00 p.m. on March 10, 2008. He produced nothing. He failed to respond to inquiries by defense counsel. He did not appear at the hearing." Id. at 2.

---

any infringement of McZeal's PUSH TO TALK WORLDWIDE® mark, McZeal has not

McZeal filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

The district court improperly dismissed for failure to state a claim, explicitly disregarding our prior mandate in this case.[2] See McZeal v. Sprint Nextel Corp., 501 at 1359. The district court lacked the power to ignore our mandate. Briggs v. Pa. R.R. Co., 334 U.S. 304, 306 (1948) (noting "an inferior court has no power or authority to deviate from the mandate issued by an appellate court"); Amado v. Microsoft Corp., 517 F.3d 1353, 1360 (Fed. Cir. 2008) ("The mandate rule provides that issues actually decided on appeal—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration." (alteration and quotation marks omitted)).

II

However, the district court also dismissed for want of prosecution due to, inter alia, failure to comply with a court order. Because this basis for dismissal is a procedural matter not unique to patent law, we apply the law of the regional circuit, in this case the Fifth Circuit. RFR Indus., Inc. v. Century Steps, Inc., 477 F.3d 1348, 1351 (Fed. Cir. 2007).

---

met the pleading requirements for this service mark to sustain his claim.").

[2] Appellee mischaracterizes the lower court opinion in its brief with the statement "Appellant's complaint was not dismissed for failure to state a claim." The district court stated "This case is dismissed for failure to state a claim and want of prosecution." McZeal v. Sprint Nextel Corp., No. 06-CV-1775, slip op. at 1 (S.D. Tex. Mar. 14, 2008) (final judgment).

A district court's sua sponte dismissal for failure to prosecute is reviewed for abuse of discretion.[3]  Link v. Wabash R.R. Co., 370 U.S. 626, 630–33 (1962).  In the Fifth Circuit, the court

> will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. Additionally, in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotation and alteration marks, citations, and footnote omitted).

When the district judge initially ordered McZeal to provide the claim chart, stating "you have the opportunity to explain precisely what it is in your patent that has been violated by this particular defendant," he also warned McZeal that failure to comply would result in dismissal.  Initially the district judge told McZeal to produce the chart in one month, but after listening to complaint by McZeal the district judge then gave McZeal three months to comply.  McZeal had originally stated that he needed discovery responses from Sprint Nextel before he could produce a claim chart, and reasserted that contention—by filing a document on March 10th purportedly providing notice of insufficient information to file a preliminary claim chart—after the deadline for filing the claim chart had expired.  But requiring a preliminary claim chart before discovery is not

---

[3]    Though the district court's order did not state whether the dismissal was with or without prejudice, the only possible basis for this dismissal was Rule 41(b) and therefore it was a dismissal with prejudice.  See Fed. R. Civ. P. 41(b).

an abuse of discretion and is routinely required in many jurisdictions.[4]  McZeal did not produce the claim chart.

With respect to the trademark claim, McZeal was ordered on December 4, 2007, to produce a list of his websites by December 11, 2007, and a sworn description of how, when, and where he used his marks at the end of three months.  Again, McZeal did not produce any of this information or request an extension of time.  Here the information was all within McZeal's own possession and control, and he does not contend even on appeal that discovery was necessary in order for him to respond.

Further, the record shows evidence of delay caused by McZeal and contumacious conduct by McZeal.  The district court did not unreasonably conclude—based on McZeal's past conduct, violations of multiple orders, and failure to timely attend the hearing—that lesser sanctions would not suffice.

We conclude that the court did not abuse its discretion in dismissing the case with prejudice.[5]

No costs.

---

[4]    See, e.g., Eastern District of Texas Patent Rule 3-1 (available at http://www.txed.uscourts.gov/Rules/LocalRules/LocalRules.htm); Northern District of California Patent Rule 3-1 (available at http://www.cand.uscourts.gov/); Northern District of Georgia Rules LPR 3.1, 4.1, 4.4 (available at http://www.gand.uscourts.gov/pdf/ NDGARulesPatent.pdf); see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1364–66 (Fed. Cir. 2006) (upholding contested local patent rules from the Northern District of California).

[5]    McZeal also claims that the district judge should have disqualified himself. The issue of recusal is reviewed for an abuse of discretion.  Weingart v. Allen & O'Hara, Inc., 654 F.2d 1096, 1107 (5th Cir. 1981); see also In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1374 (Fed. Cir. 2001) (issues that are not unique to patent disputes are reviewed under regional circuit law).  The Supreme Court has stated "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  McZeal has not met his burden of showing that the judge abused his discretion in not recusing himself.