**PRESTIGE PET PRODUCTS, INC., Plaintiff,**

v.

**PINGYANG HUAXING LEATHER & PLASTIC CO. LTD., et al., Defendants.**

Case No. 10–13541.

United States District Court, E.D. Michigan, Southern Division.

March 3, 2011.

Mark A. Cantor, Matthew M. Jakubowski, Brooks & Kushman, Southfield, MI, for Plaintiff.

Alan N. Harris, Bodman, Ann Arbor, MI, Jason R. Gourley, Bodman LLP, Samuel C. Damren, Thomas M. Schehr, Dykema Gossett, Kevin Kalczynski, Barris, Sott, A. Michael Palizzi, Catherine T. Dobrowitsky, Miller, Canfield, Detroit, MI, Jeffrey M. Kaden, Steven Stern, Gottlieb, Rackman & Reisman, P.C., A. John P. Mancini, Allison K. Levine, Mayer Brown LLP, New York, NY, Andrew S. Rosenman, Richard M. Assmus, Mayer Brown, LLP, Chicago, IL, Paul D. Vink, Bose McKinney & Evans, Indianapolis, IN, Joshua M. McCaig, Polsinelli Shughart, P.C., Kansas City, MO, Keith J. Grady, Polsinelli Shughart P.C., St. Louis, MO, for Defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

ROBERT H. CLELAND, District Judge.

On September 7, 2010, Plaintiff commenced the above-captioned action in this court, alleging infringement of its method patent for the production of porkhide dog chews using gaseous smoke. On November 30, 2010, Defendants [1] filed the instant motion to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response on December 27, 2010, and Defendants filed a reply on January 13, 2011. A hearing was held on January 19, 2011. For the reasons stated below, the court will grant Defendants' motion.

## I. BACKGROUND

Plaintiff is the owner of U.S. Patent No. 7,790,212 ("'212 Patent"), entitled "Method of Processing Porkhide Dog Chews." Plaintiff's patent application was published on October 3, 2002, as U.S. Patent and Trademark Office ("USPTO") Publication No. 2002/0142079 ("the '079 Publication"). In an Office Action, the USPTO rejected the application on December 30, 2004, because the claim language was too broad. (Def. Reply Ex. 2, at 5.) Among other things, Plaintiff narrowed its claims by inserting references to "gaseous smoke" in order to differentiate its claims from prior art involving liquid smoke. The amended patent application was published on June 7, 2007, as USPTO Publication No. 2007/0128321 ("'321 Publication"). The '212 Patent issued on September 7, 2010.

## II. STANDARD

■ Courts apply the law of the regional circuits to motions to dismiss and other procedural matters, rather than that of the Federal Circuit. *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355–56 (Fed.Cir. 2007). When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir.2009)). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.,* 220 F.3d 433, 446 (6th Cir.2000)). Although a heightened fact pleading of specifics is not required, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citing Fed.R.Civ.P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and

---

**1.** Defendant Pingyang Huaxing Leather & Plastic Co., Ltd., has not yet been served with the complaint. It is not a party to the instant motion.

the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) *abrogated on other grounds by Twombly,* 550 U.S. 544, 127 S.Ct. 1955. In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir.2007) (citation omitted). Therefore, "to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. Pro-Pride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation omitted). Despite these requirements, a court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's well-pled factual allegations. *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955.

■ "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir.2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)). "Courts may also consider ... letter decisions of governmental agencies." *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir.1999), *overruled on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

## III. DISCUSSION

### A. Count I—Infringement

■ Plaintiff's first count alleges direct or indirect infringement of its method patent. To show direct infringement, Plaintiff bears the burden of proving that Defendants have "perform[ed] or use[d] each and every step or element of a claimed method." *BMC Res., Inc. v. Paymentech, L.P.,* 498 F.3d 1373, 1378 (Fed. Cir.2007). Indirect infringement claims likewise require "a finding that some party amongst the accused actors has committed the entire act of direct infringement." *Id.* at 1379. In either direct or indirect infringement, infringing use of the process itself must be shown. *Brandt Consol., Inc. v. Agrimar Corp.,* 801 F.Supp. 164, 173 (C.D.Ill.1992). "[A] process patent protects only the method of making a product as well as those products actually made using that method." *Id.*

■ After *Twombly* and *Iqbal,* a complaint must provide more than mere notice—though not much more. All that is required of the complaint is that it set forth a claim with sufficient specificity and plausibility. *Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955; *Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir.2010). As noted above, infringement of a method patent requires use of all steps in that process. *BMC,* 498 F.3d at 1378. The '212 Patent contains fourteen steps in a method of manufacturing porkhide dog chews using gaseous smoke, consisting of two parallel independent claims. The only distinction between the two independent claims lies in whether the porkhide is shredded and molded with an adhesive or merely split. Because infringement consists only of performing all steps in the process, the complaint provides Defendants with notice of what they must defend. Plaintiff's complaint alleges Defendants either complete all steps of the process themselves or sell products produced using the full process.

In the instant case, a recitation of general allegations of each step of the process would be duplicative of the patent claims. Such allegations would essentially state that Defendants had engaged in each step of the method, resulting in infringement. Such technical pleading serves no purpose and runs contrary to the "short and plain statement" language in Rule 8. Fed. R.Civ.P. 8(a). There can be no confusion about which steps Plaintiff contends Defendants used, as the suit would fail as a matter of law unless all were used. Therefore, Plaintiff has presented its claims with sufficient specificity.

█ Specificity is not, however, plausibility. Plaintiff has provided no facts, aside from the list of product lines allegedly produced using the '212 Patent. Although the assertion that products have been produced with a patented method in violation of U.S. patent law is not inherently implausible, neither is it sufficient to nudge the allegations beyond "the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. Plaintiff is not required to prove its claim in its complaint, but it must plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. Indeed, Plaintiff has not even identified the specific products it alleges were made by a process infringing the '212 Patent. The complaint merely lists various product lines of Defendants, without any facts upon which Plaintiff grounds its claims. (Compl. ¶ 18.) Identification of broad categories of products that might be made by infringing a patent, without more, states only a possibility of a claim. *See Bender v. LG Elec. USA, Inc.*, No. 09–02114, 2010 WL 889541 (N.D.Cal. Mar. 11, 2010). A plausible claim must include the " 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. Lacking any factual basis or elaboration, Plaintiff's claims, that appear to embrace all dog chew products and allege that all such toys are made using the method of

the '212 Patent, are no more plausible than would be a claim that the '212 Patent is infringed by the manufacture of tennis balls or bedroom slippers.

█ Applying the "plausibility" standard set forth in *Twombly* and *Iqbal* has proven challenging for the courts. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008) (referring to the interpretation of plausibility as "[t]he most difficult question" of *Twombly* ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility does not imply something "akin to a 'probability requirement,' but it asks for more than a sheer possibility." *Id.* Rather, a complaint states a viable claim if and only if it contains factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955. Such "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. 1955. Fortunately, this court need not attempt to determine in general terms the composition of plausibility. Assuming as true all alleged facts and all inferences reasonably drawn therefrom, Plaintiff's claim is implausible because it presents a flawed syllogism. *See Rosen v. Unilever United States, Inc.*, No. 09–02563, 2010 WL 4807100, at *4–5 (N.D.Cal. May 3, 2010) (implausibility readily apparent when claim viewed as a syllogism); *see also Citizens for Responsibility & Ethics in Washington v. Dep't of Educ.*, 538 F.Supp.2d 24, 30 (D.D.C.2008) (rejecting "unsound syllogism based on the substitution of unarticulated speculation for a necessary intermediate factual step" not reasonably inferred from pleadings); *Brennan v. Concord EFS, Inc.*, 369 F.Supp.2d 1127, 1131 (N.D.Cal.

2005) (rejecting motion to dismiss where plaintiffs alleged sufficient facts to support their minor premise when claim presented as syllogism).

Even if it were undeniable that "[t]he *life* of the law has not been logic," Holmes, *The Common Law* 1 (1881) (emphasis added), the court has faith that the fundamentals of "[r]eason" in legal analysis are still in play, Coke, *Commentary Upon Littleton* (1628).[2] Here, the reasoning is guided by the kind of syllogistic logic found, among other places, in *Marbury v. Madison,* 1 Cranch 137, 2 L.Ed. 60 (1803). *See, e.g., Trimble v. Johnston,* 173 F.Supp. 651, 654 (D.D.C.1959) (referring to Chief Justice Marshall's reasoning in *Marbury* as demonstrating "the precision of Aristotelian logic").

Plaintiff's claims may be stated logically as follows: the defendant's violation of a particular legal right of the plaintiff renders the defendant liable to the plaintiff (major premise); the defendant's actions or omissions violated a particular legal right of the plaintiff (minor premise); therefore, the defendant is liable to the plaintiff (conclusion). Before *Twombly,* the courts interpreted the "no set of facts" standard of *Conley* as effectively foreclosing dismissal based upon an insufficient minor premise. *See Twombly,* 550 U.S. at 561, 127 S.Ct. 1955; *Conley,* 355 U.S. at 45, 78 S.Ct. 99. So long as a pleading contained a valid major premise and there could exist some minor premise supporting a conclusion of liability, the courts under *Conley* refrained from dismissing the claim. *See Twombly,* 550 U.S. at 562, 127 S.Ct. 1955. The plausibility standard of *Twombly* and *Iqbal* may then be read as requiring a claim to state both a valid major premise and a valid minor premise.

In *Twombly,* the major premise was not in dispute: one who enters into a "contract, combination . . ., or conspiracy in restraint of trade or commerce" is liable for damages. *Id.* at 548, 127 S.Ct. 1955 (quoting 15 U.S.C. § 1). The Supreme Court, however, rejected as inadequate the proposed minor premise: observed parallel behavior of legacy telecommunications companies indicates a contract, combination, or conspiracy. *Id.* at 556–67, 127 S.Ct. 1955. Implicit in the proposed minor premise were two premises. First, there exists evidence that the companies acted in a parallel manner. Second, under the circumstances, acting in a parallel manner requires a contract, combination, or conspiracy. The second premise was unsupported by allegations of fact, being "a bare assertion of conspiracy." *Id.* at 556, 127 S.Ct. 1955. Therefore, the incomplete (poly)syllogism proposed in *Twombly* failed to state a plausible claim.

In the instant case, Plaintiff presents a similarly faulty syllogism. Plaintiff's major premise is undeniably sound: one who, without authority, produces a product by methods patented by another is liable for damages. 35 U.S.C. § 271. Stripped of legal conclusions unsupported by factual allegations, however, Plaintiff's minor premise reduces to this: Defendants manufacture or sell products with characteristics that appear similar to products made using Plaintiff's patented method. Stated thus, the insufficiency of Plaintiff's claim for infringement becomes apparent. Even upon a generous reading of the complaint, the minor premise is only one of two premises required to plausibly conclude liability could exist. Plaintiffs have pled facts at most supporting the contention that Defendants are responsible for the manufac-

**2.** Indeed, Justice Scalia casts Holmes's observation as a mere "snappy epigram" that does not dispense with the need for analytical rigor. *Hein v. Freedom From Religion Founda-* *tion, Inc.,* 551 U.S. 587, 637, 127 S.Ct. 2553, 168 L.Ed.2d 424 (2007) (Scalia, J., concurring).

ture of products bearing features observed in products made using Plaintiff's patented method. However, Plaintiffs have pled no facts from which the court may reasonably infer that the products bearing even identical features—either necessarily or in the instant case—were produced using the method of Plaintiff's patent. Plaintiff's complaint fails to state a properly constructed minor premise, and, therefore, fails to state a plausible claim.

Nor would a "naked assertion" that Defendants actually used the method of the '212 patent meet the plausibility standard. *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955. Without any factual support, Plaintiff alleges that a substantial part of an industry has been infringing its patent for more than eight years. The minimum corpus of factual allegations sufficient to establish a plausible claim would necessarily include the identity of the specific infringing products and some articulated reason to suspect that the products were made in violation of the patent-in-suit. *See Bender,* 2010 WL 889541, at *4; *Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.,* No. 09–03524, 2010 WL 1221861, at *2 (N.D.Cal. Mar. 24, 2010).

Absent such factual allegations, there exists in the instant case an "obvious alternative explanation" that provides no grounds for relief, as in *Iqbal,* 129 S.Ct. at 1951, and *Twombly,* 550 U.S. at 567, 127 S.Ct. 1955, viz. that Defendants used another method of "smoking" the accused products. The Office Action of December 30, 2004, indicates that prior art teaches a method of flavoring dog chews using liquid smoke. (Def. Reply Ex. 2, at 5.) Whether Defendants used gaseous smoke, liquid smoke, solid smoke, or holy smoke in the production of their products is simply not known. What is known, however, is that Plaintiff has failed to plead the minimum factual basis required of a plausible claim that Defendants used the specified *gaseous* smoke, along with all other requisite steps of the '212 patent. Therefore, the court will grant Defendants' motion to dismiss.

## B. Count II—Provisional Rights

 Defendants also move to dismiss with prejudice Plaintiff's provisional rights under 35 U.S.C. 154 arising from the '079 Publication. A claim for reasonable royalties based upon provisional rights under § 154 only arises where "the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application." 35 U.S.C. § 154(d)(2). Whether the patent and published application are substantially identical is a question of law. *Laitram Corp. v. NEC Corp.,* 163 F.3d 1342, 1347 (Fed.Cir. 1998). Claims are substantially identical only "if they are 'without substantial change.'" *Id.* at 1346 (quoting *Seattle Box Co. v. Indus. Crating & Packing, Inc.,* 731 F.2d 818, 828 (Fed.Cir.1984)). An amendment that merely clarifies the terms of a claim is not a substantial change, but an amendment that narrows the scope of a claim is a substantial change. *Bloom Eng'g Co. v. N. Am. Mfg. Co.,* 129 F.3d 1247, 1250 (Fed.Cir.1997).

 In determining whether claims are substantially identical, the claims must be analyzed first in light of the intrinsic evidence in the record, including the patent claims, the prosecution history, and prior art. *Laitram,* 163 F.3d at 1347; *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed.Cir.1996). "Such intrinsic evidence is the most significant source of legally operative meaning of disputed claim language." *Vitronics,* 90 F.3d at 1582. A claim may be so clearly not substantially identical upon a plain reading, however, that claim construction is unnecessary. *See Seattle Box,* 731 F.2d at 828.

Considering the claims at issue in light of the prosecution history,[3] the court finds that the additional language was added to distinguish the patented method from prior art. The USPTO Office Action regarding the '079 Publication indicates that liquid smoking is precluded by prior art. (Def. Reply Ex. 2, at 5.) In response, Plaintiff added references to "gaseous smoke" at relevant points in the patent application, republished as the '321 Publication. This language ultimately gained approval from the USPTO, and the '212 Patent issued with claims limited to smoking "with gaseous smoke." This modification undoubtedly narrowed the scope of the claims, thereby effecting a substantial change. *See Bloom*, 129 F.3d at 1251.

By way of analogy, a plaintiff cannot publish a patent application claiming "all light-emitting electrical devices" and later claim provisional rights over a particular novel application of this general class of devices. No party manufacturing light bulbs would be required to cease production pending the narrowing of such obviously overbroad patent application. Indeed, even if a defendant had started producing the same particular type of device, it would certainly not have had actual notice that it was infringing, as required by 35 U.S.C. § 154(d)(2). Being patently overbroad, such a claim would protect nothing. Such is the case with the '079 Publication.

Although Plaintiff has no provisional rights arising out of the '079 Publication, the same cannot be said regarding the '321 Publication. Defendants have indicated no reason the '321 Publication is not substantially identical to the '212 Patent. Therefore, the court does not consider whether Plaintiff may have any claims to provisional rights arising out of the '321 Publication.

## IV. CONCLUSION

IT IS ORDERED that Defendants' Motion to Dismiss [Dkt. # 40] is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE, and Plaintiff's claim for provisional rights based upon USPTO Publication No.2002/0142079 of October 3, 2002, is DISMISSED WITH PREJUDICE.

---

**3.** The court considers the Office Action as a "letter decision of [a] governmental agenc[y]," which may be considered in a motion to dismiss brought under Rule 12(b)(6). *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999).