NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN L. SCHEIDEL,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5128

---

Appeal from the United States Court of Federal Claims, Case No. 12-CV-319, Judge Lawrence J. Block.

---

Decided: December 7, 2012

---

STEPHEN L. SCHEIDEL, of Syracuse, New York, pro se.

MICHELLE R. MILBERG, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERAY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before RADER, *Chief Judge*, BRYSON and WALLACH, *Circuit Judges*.

PER CURIAM.

Pro se Appellant Stephen L. Scheidel seeks review of the July 13, 2012 United States Court of Federal Claims ("Claims Court") Order dismissing his case for lack of subject-matter jurisdiction. We affirm.

Appellant, an admitted felon, appeals the Claims Court's dismissal of his claim in which he alleges that Congress caused his "pre-employment contract" with the Federal Deposit Insurance Corporation ("FDIC") to be "breached" by barring him from civil service because he is a convicted felon. A1. According to the Claims Court, Mr. Scheidel alleges that the FDIC offered him a "tentative offer of employment" pending the results of a security screening, that he "accepted" this offer, and that this offer was then withdrawn when it was learned that he was ineligible for employment based on a 1992 New York felony conviction for theft/embezzlement of a public employee benefit fund. *Id.* Mr. Scheidel also alleges that 12 U.S.C. § 1822(f)(4)(E)(i)[1] denies him equal protection of

---

[1]    12 U.S.C. § 1822 involves the FDIC as receiver. Subsection (f)(4) is entitled "disapproval of contractors," which states in relevant part:

(E) Prohibition required in certain cases

The standards established under subparagraph (A) shall require the Corporation to prohibit any person who has—

(i)  been convicted of any felony;

…
from performing any service on behalf of the Corporation.

12 U.S.C. § 1822(f)(4)(E).

the laws, due process of law, and the constitutional protection against ex post facto laws and bills of attainder, U.S. Const. Art. 1 § 9 cl. 3. *Id.* The Claims Court dismissed Mr. Scheidel's claims for want of subject matter jurisdiction. *Id.* Mr. Scheidel appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3). "We . . . review *de novo* the [Claims Court's] dismissal of a claim for lack of jurisdiction." *Doe v. United States*, 463 F.3d 1314, 1320 (Fed. Cir. 2006).

The Tucker Act confers on the Claims Court jurisdiction to hear suits arising out of money-mandating sources of law, including express or implied contracts with the government. 28 U.S.C. § 1491(a)(1). "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate [money-mandating] source of substantive law that creates the right to money damages." *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted). Mr. Scheidel has the burden to show that jurisdiction exists. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). We construe the pleadings of pro se litigants liberally. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).

Mr. Scheidel fails to allege a money-mandating source creating a right to recovery for damages. Mr. Scheidel argued in his Complaint that his cause of action was based on a "breach of a pre-employment contract," a breach based on the FDIC invoking 12 U.S.C. § 1822(f)(4)(E). The Claims Court correctly found that a federal employment applicant's acceptance of a "tentative" job offer pending the results of a security screening does not give rise to an enforceable contract. *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985). As such, this "tentative" job offer cannot be the basis of a money-

mandating source. Mr. Scheidel's remaining claims fall outside the purview of the Tucker Act as well. The Claims Court correctly dismissed Mr. Scheidel's case for lack of subject matter jurisdiction. The order is

**AFFIRMED.**