BRYSON, Circuit Judge,
dissenting.
The majority concludes that the district court properly dismissed the plaintiffs claim of direct infringement because the complaint “provides no detail whatsoever that would put Defendants on notice as to what activity, method, or procedure is alleged to infringe.” I disagree with the majority that the complaint fails to satisfy *939 the requirement of Rule 8, Fed. R. Civ. P., of “a short and plain statement of the claim showing that the pleader is entitled to relief,” particularly in view of Form 18, Fed. R. Civ. P., which contains a form complaint for patent infringement that is not materially different from the complaint in this case.
The majority acknowledges that a complaint modeled on Form 18 would be sufficient. The only difference that the majority points to between the Form 18 •complaint and the complaint in this case is that the Form 18 complaint, which is directed to infringement of a product claim, identifies the accused products as “electric motors that embody the patented invention.” Because the complaint in this case is directed to a patent consisting entirely of method claims (including several “therapy” claims), it is not possible to identify a particular item as the infringing product. Instead, the complaint alleges that the defendants, who engage in a business that includes “the use, marketing and sale of procedures and methods that infringe [the plaintiffs U.S. Patent No. 5,789,411],” have directly infringed the patent “by making, using, selling, [and] offering for sale in the United States activities, methods and procedures claimed in the Patent,” which, are methods and therapies for detoxifying a patient who is addicted to one or more opioids.
Unlike the “electric motors” referred to in Form 18, a method or procedure, such as a method or therapy for detoxifying patients, may not have a shorthand name. Hence, it is unclear that the plaintiff could do more by way of identifying the accused methods than to identify them as the “activities, methods, and procedures claimed in the Patent.”
The majority states that in order to avoid dismissal, the complaint should have contained “some allegation of specific services or products of the defendants which are being accused.” But it is not clear how much more detail the majority would require.
If the majority would be satisfied by an allegation regarding the defendants’ services, such as that the defendants “engage in methods and therapies for detoxifying patients addicted to one or more opioids,” then the dismissal in this case is pointless. The complaint puts the defendants on notice that they are being accused of employing detoxification methods and therapies directed at patients who are addicted to opioids. Adding such language to the complaint would add nothing to the defendants’ knowledge as to what they are being accused of. The complaint, particularly as amended, makes clear that the plaintiffs allegations relaté to the use of the detoxification therapies recited in the '411 patent. The defendants have not denied that they engage in detoxification procedures. Their defense is that they do not administer diarrhea suppressants to patients, as is required by each claim of the '411. patent. The amended complaint thus tells the defendants what they are being charged with and enables them to formulate a defense that, if their factual allegations are correct, should be disposi-tive in their favor. This is not a case in which the defendants have been left to guess about which of their services is being accused of infringement.
Similarly, to the extent that the majority finds the complaint wanting because it does not specifically call out each of the limitations of the claims, such as by alleging that the defendants sedate patients with an anesthetic agent, administer a diarrhea suppressant, inject an opioid antagonist, and then revive the patient, no such allegations are required. See McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed.Cir.2007) (citing Bell Atlantic Corp. *940 v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and holding that “a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent”). In any event, requiring that such allegations be included would give the defendants no more information than they already have from the complaint in this case.
If the majority’s reference to “products” means that it would require the complaint to contain detail regarding the products that the defendants use in their therapies — such as allegations identifying the specific drugs that the defendants administer to patients — that degree of specificity would be far greater than what is required by Rule 8 and Form 18 and would depart from the principles of notice pleading that are embodied in the Federal Rules of Civil Procedure. See Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (“Specific fácts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests” (citation omitted)).
With respect to the allegations of indirect infringement, the proper focus should be on the sufficiency of the proposed amended complaint, not the original complaint. The district court denied the plaintiffs motion to amend on the ground that the amended complaint was insufficient and that allowing the amendment would therefore be futile. Because I believe the amended complaint is sufficient to satisfy Rule 8, I would reverse as to the claim of indirect infringement as well.
The amended complaint alleges that the individual defendants have had actual knowledge of the patent since at least the filing date of the original complaint, and that they induced infringement by others through their “complete dominion and control” over Eagle Advancement Institute, “causing!,] urging, encouraging, aiding or instructing others to perform one or more claimed methods of the '411 patent and acts which infringe one or more claims of the '411 patent.” The complaint further alleges that the individual defendants acted “with specific intent to urge, instruct, [and] encourage such infringement” by continuing their alleged infringing activities “with knowledge of the '411 patent.”
The majority finds fault with the amended complaint because of its failure to “include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement” and instead “simply recites the legal conclusion that Defendants acted with specific intent.”
Once again, the majority does not explain why the allegations in the amended complaint are insufficient to plead specific intent, nor does it make clear what factual allegations would be required to do so. The amended complaint specifically alleges that the individual defendants had knowledge of the '411 patent at least as of the filing of the original complaint. It also alleges that the individual defendants’ capacity to induce infringement derived from their “complete dominion and control” over Eagle Advancement Institute. Any other facts relating to the issue of intent, such as specific directions by the individual defendants to continue the allegedly infringing activities after notice of the original complaint, might be evidence of specific intent, but in a system of notice pleading, a detailed evidentiary recitation is not necessary to a valid statement of a legal claim.
If the consequence of our affirmance of the dismissal in this case were merely to require the plaintiff to add a reference to the required steps of the claimed detoxification program and a statement that continued operation of the program with knowledge of the patent evinces specific *941 intent to induce infringement, the decision in this case would serve no purpose, but it would also do little harm. However, the district court’s refusal to allow the plaintiff to amend its complaint suggests that the court may regard this case as over, and that any effort by the plaintiff to further amend the complaint so as to comply with this court’s requirements would be rejected. If that is so — and there is nothing in the majority opinion to suggest that the district court should allow the plaintiff an opportunity to file a second amended complaint — then we will have extinguished a party’s claims on a basis other than the merits for reasons wholly insufficient to justify such a measure. I therefore respectfully dissent.