# In the United States Court of Federal Claims

No. 19-1990C

(Filed: March 3, 2020)

## (NOT TO BE PUBLISHED)

|  |  |
|---|---|
| ALBERT GEORGE MUCKLE, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

Albert George Muckle, *pro se*, Prince Albert, Saskatchewan, Canada.

Margaret Joy Jantzen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. With her were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court is the United States' motion to dismiss the complaint filed by plaintiff, Albert Muckle, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss, ECF No. 7 ("Def.'s Mot."). Mr. Muckle alleges in his complaint that he has designed unique propulsion and defense systems and requests that the court order various United States government departments to meet with him to discuss his designs. *See* Compl. at 2-3, 6, ECF No. 1. The government counters that the court lacks jurisdiction to consider Mr. Muckle's claims. Def.'s Mot. at 1.

Mr. Muckle has failed to establish this court's subject-matter jurisdiction by a preponderance of the evidence. Therefore, the government's motion to dismiss is GRANTED and the case shall be DISMISSED.

## BACKGROUND

Mr. Muckle, an "[a]boriginal Ojibw[e] Canadian" and "dual citizen[]" of Canada and the United States, is currently an inmate in the Canadian prison system. Compl. at 1. In his complaint, Mr. Muckle alleges that he has developed a number of technological systems, "rang[ing] from [an] Earth Defen[se] System (EDS-X1), [an] Energy based system that could replace [the] use of solar panels on rovers and Mars colony, and [the] replacement of conventional Rocket[] ([pro]pulsion system[s])." Compl. at 1 (capitalization in original). He claims that he should be afforded the opportunity to discuss these inventions with the United States Department of Defense ("DOD"), National Aeronautics and Space Administration ("NASA"), the Pentagon, and the United States Senate Committee on Armed Services, *see* Compl. at 3, particularly because the "Canadian prison system is based on rehabilitation and [they] are legally obligated to encourage and accommodate inmate ow[n]ed business[es] and enterprises," Compl. at 1. In exchange for the rights to use his inventions, Mr. Muckle seeks $500,000,000,000. *See* Compl. at 2.

## STANDARDS FOR DECISION

The jurisdiction of the United States Court of Federal Claims is governed by statute. *Terran ex rel. Terran v. Secretary of Health and Human Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). The Tucker Act provides the court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)). As plaintiff, Mr. Muckle must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

## ANALYSIS

In its motion to dismiss, the government argues that plaintiff has not met his burden of establishing this court's jurisdiction, in that the "complaint fails to allege a non-frivolous takings claim, fails to identify any specific money-mandating statute or regulation as a source of a substantive right to money damages, and fails to allege the existence of any express or implied-in-fact contract with the United States." Def.'s Mot. at 2. The government is correct.

Under the rules of this court, plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." *Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (quoting RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (per curiam). Plaintiff's complaint does not contain such a statement. Mr. Muckle does not cite any federal statute, regulation, or money-mandating constitutional provision that could provide this court with jurisdiction. *See* Compl. at 1-3, 6.

While Mr. Muckle cites the United States' "need for such a contract," Compl. at 6, his complaint indicates that he would like to discuss with defendant only a *potential* contract. The mere desire to contract with the United States, without further allegations, does not fall within this court's Tucker Act jurisdiction. *See* 28 U.S.C. § 1491(a)(1) (authorizing the court to exercise jurisdiction over express or implied contracts, among other things). Even taking Mr. Muckle's allegations as true, *i.e.*, that certain United States entities are seeking to develop technologies similar to those Mr. Muckle claims to have designed, this court cannot provide the sort of injunctive relief sought from plaintiff, *viz.*, to "allow [plaintiff] the opportunity to speak to DOD, N[ASA], and [other officials]," Compl. at 3, about purchasing the rights to his designs. In relevant part, the Tucker Act focuses on the rendition of money judgments in suits brought for that relief against the United States," *United States v. Sherwood*, 312 U.S. 584, 588 (1941), not injunctive relief. Mr. Muckle has therefore failed to allege any grounds for this court to exercise jurisdiction.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Muckle's complaint is GRANTED. The court lacks subject-matter jurisdiction to hear Mr. Muckle's claims, and therefore Mr. Muckle's complaint is DISMISSED without prejudice. The clerk is directed to enter judgment accordingly.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge

3