**ADISCOV, LLC,**

v.

**AUTONOMY CORP., PLC,**
**FTI Consulting, Inc.,**

and

**Recommind, Inc., Defendants.**

**Civil No. 2:10cv218.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 27, 2011.

828

Califf Teal Cooper, Edward W. Goldstein, Goldstein & Vowell LLP, Houston, TX, Jonathan David Frieden, Stephen Andrew Cobb, Odin Feldman & Pittleman PC, Fairfax, VA, for Adiscov, LLC.

Peter J. Carney, Lucius Bernard Lau, White & Case LLP, Washington, DC, for Autonomy Corp., PLC.

Hunter Wilmer Sims, Jr., Stephen Edward Noona, Kaufman & Canoles, P.C., Norfolk, VA, Andrew Thomases, Matthew Paik, Skadden Arps Slate Meagher & Flom LLP, Palo Alto, CA, Daniel Devito, Paramjeet Singh Sammi, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for FTI Consulting, Inc.

Brian Adam O'Dea, Jeffrey William Kilduff, Rafik Paul Zeineddin, O'Melveny & Myers LLP, Washington, DC, Brian Berliner, O'Melveny & Myers LLP, Los Angeles, CA, Darin W. Snyder, O'Melveny & Myers LLP, San Francisco, CA, for Recommind, Inc.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant Autonomy Corp., PLC's ("Autonomy") Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as joined by defendant FTI Consulting, Inc. ("FTI") pursuant to Federal Rule of Civil Procedure 12(h)(2).[1] For the reasons which follow, this court **GRANTS** the motion and **DISMISSES** the complaint against Autonomy and FTI without prejudice.

### I.

Adiscov, LLC ("Adiscov") filed suit in this court on May 17, 2010, seeking declaratory relief and damages for patent infringement by Autonomy, FTI, and Recommind, Inc. ("Recommind").[2] Adiscov

---

1. In its answer and counterclaim filed on September 13, 2010, FTI initially raised the defense of failure to state a claim on which relief could be granted.

2. Adiscov initially brought suit against four defendants: Autonomy, FTI, Recommind, and Stroz Friedberg, LLC. The complaint against Stroz Friedberg, LLC and its counterclaim against Adiscov, see ECF # 11, were dismissed with prejudice upon agreement of the parties on October 4, 2010. See ECF # 52. Defendant Recommind answered the complaint on August 11, 2010, and is not party to this motion.

amended its complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) on May 21, 2010. In its complaint, Adiscov alleges that each of the defendants are infringing Adiscov's patent entitled, "Method and System for Providing Electronic Discovery on Computer Databases and Archives Using Artificial Intelligence to Recover Legally Relevant Data" ("the '760 patent"), by manufacturing, using, and selling products claimed by the '760 patent. Am. Compl. ¶¶ 15–17. The '760 patent claims a number of methods for conducting electronic discovery on computer systems through the use of algorithms to locate responsive documents and data.

On December 21, 2010, Autonomy filed its Motion to Dismiss the Amended Complaint for failure to state a claim, which FTI joined on December 31, 2010. Adiscov responded to both FTI and Autonomy on January 3, 2011. Neither Autonomy nor FTI filed a rebuttal brief and the motion to dismiss is now ripe for decision.

## II.

Federal Rule of Civil Procedure 8(a) ("Rule 8") provides, in pertinent part, "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), have clarified what constitutes sufficient pleading under Rule 8. Therein, the Supreme Court made clear that there are two basic requirements for a pleading to comply with Rule 8: sufficient factual allegations and plausibility of those allegations. First, the complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions[.][A] formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. What, at base, is insufficient is "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949.

Second, given the facts pled, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a *claim to relief that is plausible on its face.*" *Iqbal,* 129 S.Ct. at 1949 (emphasis added) (citation and internal quotation marks omitted). Thus, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. In other words, the plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion to dismiss in a patent case, the district court applies to substantive law of the relevant circuit, not that of the Federal Circuit. *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355–56 (Fed.Cir.2007). The Fourth Circuit has not yet considered a motion to dismiss in a patent case with the benefit of the Supreme Court's precedent in *Twombly* and *Iqbal.* The Federal Circuit, however, offered guidance in *McZeal,* stating that in patent cases, a complaint is sufficiently plead under *Twombly* if the complaint "(1) asserts that the plaintiff owns the patent at issue; (2) names the defendants; (3) states that the defendant infringed the patent; (4) describes, in general terms, the means by which the patent was infringed; (5) and identifies the specific parts of patent law that are implicated." *Taltwell, LLC v. Zonet USA Corp.,* 2007 WL 4562874, at *14 (E.D.Va. Dec. 20, 2007) (unpublished) (citing *McZeal,* 501

F.3d at 1357). Though the Federal Circuit was applying Fifth Circuit law in that case, this district has previously recognized that the decision in *McZeal* may guide the court in considering whether a motion to dismiss in a patent case is well-founded. *Id.* at \*13.

■■■ The Supreme Court also offered guidance to a court considering a motion to dismiss under the *Twombly* and *Iqbal* standards:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 129 S.Ct. at 1950. Overall, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.

Autonomy and FTI have moved to dismiss Adiscov's amended complaint on the grounds that it has failed to meet the *Twombly* and *Iqbal* standards because the amended complaint fails to "identify with any particularity (a) any specific product or service offered by Autonomy [or FTI] that is alleged to infringe, or (b) how Autonomy [or FTI] has allegedly infringed the patent-in-suit." Mem. in Supp. Mot. to Dismiss Am. Compl. 5. In particular, Autonomy argues that Adiscov's merely repeating that each defendant "manufactures, uses and sells products and services

that infringe at least Claim 1 of the '760 patent, including, ... legal discovery software and services, as well as any other legal discovery software or services acting or capable of acting in the manner described and claimed in the '760 patent," Am. Compl. ¶¶ 15–18, is not specific enough to provide the defendants with sufficient notice as to the subject of the suit and how to respond.

Adiscov responds that it has met the pleading requirements of Rule 8 because the specification in the patent and the language of the complaint sufficiently put Autonomy and FTI on notice as to the subject of the suit. Adiscov argues that because Autonomy manufactures electronic discovery services, it is on notice as to which of its products is the subject of the suit.[3] Furthermore, its complaint meets the five requirements suggested in *McZeal,* Adiscov argues, such that it is sufficient under Rule 8.

■■■ This court does not agree with Adiscov, and finds that its conclusory allegations in the complaint neither give Autonomy or FTI notice of the substance of the suit against them, nor raise the "right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. As stated above, this court does not yet have the benefit of guidance from the Fourth Circuit on this issue, but it is aided by the opinions of other district courts which have considered the application of *Twombly* and *Iqbal* to patent litigation. One such case, which is quite similar to the facts before the court, is *Realtime Data, LLC v. Stanley,* 721 F.Supp.2d 538 (E.D.Tex.2010). In that case, Realtime Data ("Realtime") sued twenty-one defendants, including Morgan Stanley, Bank of America, and The Goldman Sachs Group, alleging a violation of its patents claiming

---

3. Adiscov makes no such assertion as regards FTI.

systems and methods of data encryption and compression. In the complaint, Realtime alleged:

> Defendants have been and are now directing infringing and/or indirectly infringing by inducement and/or contributing to infringement of the [Realtime patent] in this District and elsewhere in violation of 35 U.S.C. § 271 including *making, using, selling, and/or offering for sale, one or more data compression products and/or services,* covered by at least one claim of the [Realtime patent].

*Id.* at 541 (emphasis added). The district court ultimately held that Realtime had failed to comply with Rule 8 because "they do not specifically identify any accused products or services" that were the subject of the infringement claim, and merely referring to data compression products and/or services did not cure the defect.[4] *Id.* at 543.

Similarly, in *Eidos Communications LLC v. Skype Technologies SA,* 686 F.Supp.2d 465 (D.Del.2010), the district court dismissed the plaintiff's complaint for failure to identify the products or methodologies alleged to infringe the patent. In particular, the court found that the "[p]laintiffs were obligated to specify, at a minimum, a general class of products or a general identification of the infringing methods." *Id.* at 467. In that case, the plaintiff did neither, alleging only that Skype Technologies was infringing its patent by selling or importing of "communication system products and/or methodologies" that infringe the claims of the patent. *Id.*

Precedent in this district in *Taltwell, LLC v. Zonet USA Corp.,* 2007 WL 4562874 (E.D.Va. Dec. 20, 2007) (unpublished), however, initially appears to contradict the conclusions reached in *Real-*

*time Data* and *Eidos Communications.* In that case, Taltwell sued Zonet USA alleging infringement of its patent for its Automatic Dialing System. *Id.* at *1. In the complaint, Taltwell alleged that Zonet USA infringed "directly or under the doctrine of equivalents, one or more claims of the '660 patent by making, using, offering for sale, and/or selling the communication devices in the United States that are within the scope of the claims of the '660 patent." *Id.* at *14. Thus, at first glance, it appears that in this district, pleading a general category of infringing products or services is sufficient to meet the requirements of Rule 8.

There are two important caveats to consider when relying on the court's decision in *Taltwell.* First, the *Taltwell* court was operating only with the benefit of the *Twombly* decision, not with the further clarification of pleading requirements in *Iqbal.* Second, the complaint in *Taltwell* pled other important facts concerning the infringing products which are missing here. In its complaint, Taltwell alleged that Zonet USA's "PCMCIA Hardware Modem and/or PCMCIA Wireless Network Adapter include all elements of one or more claims of the '660 patent." *Taltwell,* 2007 WL at *2. Thus, though the cause of action pled only that the infringing products were "communication devices," within the larger context of the complaint Zonet USA could clearly determine which of its products were alleged to be infringing.

This court is persuaded by the precedent in this district and from other district courts to consider the issue that Adiscov has not met its burden under Rule 8. First, Adiscov never identifies any particular products or services that are alleged to be

---

4. This court does note that the court in *Real-time Data* had the benefit of clear Fifth Circuit precedent which held that claims of in-

fringement in patent cases had to identify the infringing product or service with specificity. *Realtime Data,* 721 F.Supp.2d at 543.

infringing. Rather, with regard to each defendant, the complaint merely states:

> [The defendant] manufactures, uses, and sells *products* and *services* that infringe at least Claim 1 of the '760 patent, including, for example and without limitation, [the defendant's] *legal discovery software and services,* as well as any other legal discovery software or services acting or capable of acting in the manner described and claimed in the '760 patent.

Compl. ¶¶ 15–18 (emphasis added). Nowhere does the complaint further identify what legal discovery software or services are alleged to be infringing with regard to any defendant. Furthermore, the complaint does not, as did the complaint in *Taltwell,* provide sufficient detail about the defendants and their products such that the defendants would be on notice as to which products or services are the subject of the suit. "Legal discovery software and services" does not describe either a category or specific products and services with the specificity required by Rule 8. Thus, in failing to plead sufficient factual content, the complaint is akin to "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949.

Moreover, Adiscov fails the plausibility test set forth by the Supreme Court in *Iqbal.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Here, no such inference may be drawn as there is both insufficient evidence concerning what product or service infringes that patent and how it does so. Instead, what the court is left with is "a sheer possibility" that one of Autonomy's and FTI's numerous products or services infringes that '760 patent in one way or another.

### IV.

Accordingly, the court **GRANTS** Autonomy's and FTI's Motion to Dismiss the Amended Complaint and therefore **DISMISSES** the action against those defendants without prejudice.[5] The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel in this case.

**IT IS SO ORDERED.**

---

5. In its brief, Adiscov requested that if the court found that dismissal was proper, that instead of dismissing the action, Adiscov be afforded the opportunity to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Adiscov correctly notes that a court may *sua sponte* request a more definite statement; however, such a request is to be used when a claim is unclear or "too vague or ambiguous that the party cannot reasonably prepare a response." Fed. R.Civ.P. 12(e). As such, because this case involves not an unclear or vague claim but rather one which fails to meet the Rule 8 pleading requirements, allowing Adiscov to file a more definite statement is not the proper remedy. In any event the court dismisses the case without prejudice, and Adiscov, if it so chooses, may refile against Autonomy and FTI.