**W.L. GORE & ASSOCIATES, INC., and Gore Enterprise Holdings, Inc., Plaintiffs,**

**v.**

**MEDTRONIC, INC., and Medtronic USA, Inc., and Medtronic Vascular, Inc., Defendants.**

**Civil Action No. 2:10cv441.**

United States District Court, E.D. Virginia, Norfolk Division.

April 20, 2011.

Ahmed Jamal Davis, Fish & Richardson PC, Washington, DC, Juanita Rose Brooks, Fish & Richardson P.C., San Diego, CA, Susan Morrison Coletti, Timothy Devlin, Fish & Richardson, Wilmington, DE, for Plaintiffs.

Dabney Jefferson Carr, IV, Robert Armistead Angle, Troutman Sanders LLP, Richmond, VA, Karen Diane McDaniel, Rachel Clark Hughey, Thomas Joseph Leach, Merchant & Gould PC, Minneapolis, MN, Ryan James Fletcher, Merchant & Gould PC, Denver, CO, for Defendants.

### *OPINION AND ORDER*

MARK S. DAVIS, District Judge.

This matter is before the Court on Defendants' Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. (collectively "Defendants" or "Medtronic") motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] After examining the motion, associated briefs, and the Complaint, the Court finds that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral

---

1. While the motion to dismiss does not actually state under what rule it is being brought, the Court construes the Defendants' challenge to personal jurisdiction as a challenge under Rule 12(b)(2) and the assertion that Plaintiffs have failed to state a claim upon which relief can be granted as a challenge under Rule 12(b)(6).

argument would not aid in the decisional process. Fed.R.Civ.P. 78(b); E.D. Va. Loc. R. 7(J). Therefore, the matter is now ripe for decision and, for the reasons set forth below, Defendants' motion to dismiss is **DENIED. However, as discussed below, Plaintiffs are hereby GRANTED leave to amend the Complaint by May 6, 2011 with respect to allegations of indirect infringement.**

### I. Facts and Procedural History [2]

Plaintiffs W.L. Gore & Associates, Inc. and Gore Enterprise Holdings, Inc. (collectively "Plaintiffs" or "Gore") have brought an action for patent infringement involving United States Patent No. 5,810,870 (the "'870 patent"). The '870 patent, entitled "Intraluminal Stent Graft," was issued on September 22, 1998 to David J. Myers, James D. Lewis, Wayne D. House and Karl E. Schwarz. Compl. ¶ 11. While the patent was issued to the above mentioned individuals, Gore Enterprise Holdings is the "owner of all right, title and interest in the '870 patent" and W.L. Gore & Associates, Inc. is the "licensee of the '870 patent with rights to practice the '870 patent in the United States." Compl. ¶¶ 12–13.

On September 3, 2010, Plaintiffs brought an action for patent infringement against Defendants in this Court under 35 U.S.C. § 271(a), (b) and (c). The Complaint initiating this action includes only one count. This count alleges that Defendants have committed direct and indirect patent infringement. Specifically, the Complaint alleges that Defendants "make, use, sell, and/or offer for sale the Talent Abdominal Stent Graft and the Talent Thoracic Stent Graft." Compl. ¶ 14. In performing such actions, Plaintiffs allege that Defendants are "infringing, inducing infringement, and/or contributing to the infringement of the '870 patent . . . and/or inducing or contributing to the use by others of such devices covered by the '870 patent, all to the injury of Gore." Compl. ¶ 16. Plaintiffs further allege that Defendants' "infringement has been willful and will continue to be willful, making this case exceptional and entitling Gore to increased damages and other relief pursuant to 35 U.S.C. §§ 284 and 285 of the patent statute, to any extent not prohibited by the Agreement." Compl. ¶ 18.

The agreement to which the Complaint refers is a Settlement and License Agreement ("Agreement") struck between the parties on August 28, 2009. Compl. ¶ 8. According to this Agreement, which was attached to Plaintiffs' memorandum in opposition to the motion to dismiss, "with respect to patent infringement and/or patent invalidity claims relating to or arising from any of Medtronic's cardio vascular businesses, the Parties agree to bring such actions in the United States District Court for the Eastern District of Virginia. . . ." Mem. Opp'n. Mot. Dismiss Ex. A, at 11. If, however, the United States District Court for the Eastern District of Virginia lacks *subject matter jurisdiction,* the Agreement states that "the Parties shall confer in good faith on the selection of an alternative neutral forum for such action." *Id.* As to damages available in future disputes, the Agreement provides that "the Parties agree . . . to waive their right to jury trial and to waive their rights to seek

---

**2.** The facts recited here are drawn from the Plaintiffs' Complaint and are assumed true for the purpose of deciding the motion currently before the Court. They are not to be considered factual findings for any purpose other than consideration of the pending motion to dismiss. *See Nemet Chevrolet, Ltd. v.* *Consumeraffairs.com,* 591 F.3d 250, 255 (4th Cir.2009) ("... in evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint.").

an injunction, exemplary damages and attorneys' fees as to any patent infringement or patent invalidity disputes." *Id.* By dint of this Agreement, and the facts alleged in the Complaint, Plaintiffs contend that this Court has personal jurisdiction over the Defendants. Compl. ¶ 9.

On November 19, 2010, Defendants filed a motion to dismiss the Plaintiffs' Complaint. In this motion, Defendants seek dismissal of the Complaint because it allegedly "inappropriately relies on and fails to comply with provisions" of the Agreement and because "the Complaint fails to meet the minimum pleading requirements set forth in the Federal Rules of Civil Procedure and by the Supreme Court decisions of *Twombly* and *Iqbal.*" Mot. to Dismiss, Docket No. 18. It is this motion that the Court addresses below.

## II. Discussion

### 1. Personal Jurisdiction and Limitations in the Agreement

### A. Personal Jurisdiction

The Defendants' first argument in their motion to dismiss is that the Complaint improperly relies on the Agreement to establish personal jurisdiction. The entire personal jurisdictional allegation in Plaintiffs' Complaint states that the agreement "stipulates that, during the term of the Agreement, any action for patent infringement brought by one of the parties against another of the parties shall be brought in the United States District Court for the Eastern District of Virginia." Compl. ¶ 8. Plaintiffs' Complaint further asserts that, as a result of such provision, "this Court has personal jurisdiction over defendants...." Compl. ¶ 9. According to the Defendants, "Gore fails to plead the basis under which this Court would have personal jurisdiction over Defendants. Instead, Gore simply cites the Agreement and then

alleges that the facts and causes alleged in the Complaint give rise to personal jurisdiction over Defendants." Mem. Supp. Mot. Dismiss 3. In response, Plaintiffs argue, among other things, that Defendants consented to jurisdiction in this forum when they agreed to the forum selection clause in the Agreement between the parties. Mem. Opp'n. Mot. Dismiss 5.

■ In order to evaluate Defendants' assertions, the Court must first determine the applicable law on the subject of personal jurisdiction in patent cases. According to the Federal Circuit, "[i]n reviewing district court judgments in patent cases, this court applies its own law on patent law issues, but with respect to nonpatent issues it generally applies the law of the circuit in which the district court sits." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 793 (Fed.Cir. 2000). While personal jurisdiction might appear to be a nonpatent issue at first glance, the Federal Circuit has held that with respect to personal jurisdiction, it applies " 'Federal Circuit law because the jurisdictional issue is 'intimately involved with the substance of the patent laws.' " *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed.Cir.2008) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed.Cir.1995)). Therefore, "[d]istrict courts should apply the precedents of the Federal Circuit when determining personal jurisdiction in patent cases." *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, No. JKB–09–2657, 2011 WL 856306, at *3 n. 1, 2011 U.S. Dist. LEXIS 23576, at *9 n. 1 (D.Md. Mar. 8, 2011). *See Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1368 (Fed.Cir.2010) ("We apply Federal Circuit precedent when considering whether the district court properly declined to exercise personal jurisdiction."); *Nuance Communs., Inc. v. Abbyy Software House*, 626

F.3d 1222, 1230 (Fed.Cir.2010) ("The law of the Federal Circuit, rather than that of the regional circuit in which the case arose, applies to determine whether the district court properly declined to exercise personal jurisdiction over an out-of-state accused infringer.").

■ Where there is no discovery on the issue of personal jurisdiction, the Plaintiff is required "only to make a prima facie showing of jurisdiction to defeat the motion to dismiss." *Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275, 1282 (Fed.Cir.2005) (internal citations omitted). "In evaluating this showing, the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff." *Id.* at 1282–83.

■ While, according to the Federal Circuit, questions of personal jurisdiction typically involve an analysis of a state's long arm statute and constitutional due process considerations, *Patent Rights Prot. Grp., LLC*, 603 F.3d at 1368–69, the calculus changes when a forum selection clause is involved. *Monsanto Co. v. McFarling*, 302 F.3d 1291, 1294 (Fed.Cir. 2002). A valid forum selection clause allows for personal jurisdiction in the chosen forum under the principles of "contractual consent or waiver." *Id. See also Nat'l*

*Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) ("[I]t is settled ... that parties to a contract may agree in advance to submit to the jurisdiction of a given court....."); *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 282 n. 11 (4th Cir.2009) ("We note in passing that a valid forum selection clause, unlike a choice of law clause, may act as a waiver to objections to personal jurisdiction."); *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir.2005) ("[O]bviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction.") (internal citations omitted); *Menorah Ins. Co. v. INX Reinsurance Corp.*, 72 F.3d 218, 222 n. 6 (1st Cir.1995) ("In the commercial context a forum selection clause, even one for arbitration, confers personal jurisdiction on the courts of the chosen forum.").

■ Thus, in order to determine if this Court has personal jurisdiction over the Defendants, the Court must next determine if the forum selection clause is valid. According to the Federal Circuit, "[f]orum selection clauses are valid and accepted unless they are clearly unreasonable or fraudulent." [3] *Monsanto Co.*, 302 F.3d at 1295. In the present case, the Defendants

---

**3.** It is unclear as to whether the Federal Circuit would apply Fourth Circuit case law or Federal Circuit precedent on the issue of whether the forum selection clause is valid. The cases above indicate that personal jurisdiction issues are resolved under the law of the Federal Circuit. However, there is also case law indicating that issues unrelated to federal patent law are resolved under the law of the regional circuit. For example, when examining arbitrability, in *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1349 (Fed. Cir.2002), the court stated "[a]lthough the answer will affect the forum in which the patent claims may be brought, the question is neither unique to patent law nor intimately involved in the substance of the patent rights.

We therefore review the arbitrability of this dispute according to the law of the pertinent regional circuit." However, whether the Court were to apply the law of the Fourth Circuit or that of the Federal Circuit, the law on the validity of forum selection clauses is substantially similar. *Compare Monsanto Co.*, 302 F.3d at 1295 (discussed above on the issue of the validity of a forum selection clause) *with Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213–14 (4th Cir.2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)) (stating that "[a] forum-selection clause is 'prima facie valid' and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances").

have made no argument that enforcement of the forum selection clause in the Agreement would be unreasonable or that it was executed by fraudulent means. Instead, the Defendants have simply asserted that "[n]owhere in the Agreement do Defendants consent to personal jurisdiction in the Eastern District of Virginia." Mem. Supp. Mot. Dismiss 4.

■ Despite Defendants' contentions, the plain language of the forum selection clause counsels in favor of a finding of consent to personal jurisdiction. The clause specifically states that "with respect to patent infringement and/or patent invalidity claims relating to or arising from any of Medtronic's cardio vascular businesses, the Parties agree to bring such actions in the United States District Court for the Eastern District of Virginia or, as appropriate, in the United States Patent and Trademark Office." Mem. Opp'n. Mot. Dismiss Ex. A, at 11. The agreement does provide for an alternative forum "[i]f it is determined that the ... United States District Court for the Eastern District of Virginia lack[s] *subject matter jurisdiction,*" however, this provision is clearly limited to issues of subject matter jurisdiction, not jurisdiction over the person. *Id.* (emphasis added).

The only arguably disputed factual issue related to the application of this forum selection clause is whether the current lawsuit relates to or arises out of "Medtronic's cardio vascular businesses." However, the Defendants have not disputed this point, and at this stage of the proceedings the facts must be viewed in a "light most favorable to the plaintiff." *Trintec*

*Indus.,* 395 F.3d at 1282–83. Therefore, such a state of facts is reasonable to infer. Consequently, the Court concludes that the Plaintiffs have made a showing that the forum selection clause is applicable and thus the Defendants have consented to personal jurisdiction in the Eastern District of Virginia.[4] However, while the Court finds that the Agreement provides for personal jurisdiction, the Defendants argue that the Complaint should be dismissed because it does not comport with other provisions of that same Agreement.

### B. Allegation that the Complaint Does Not Comport with the Terms of the Agreement

The Defendants seek dismissal of Plaintiffs' Complaint on the ground that Plaintiffs "improperly request[ed] relief [Plaintiffs] voluntarily and intentionally relinquished in the Agreement." Mem. Supp. Mot. Dismiss 5. According to the Agreement, the parties agree "to waive their right to jury trial and to waive their rights to seek an injunction, exemplary damages and attorney's fees as to any patent infringement or patent invalidity disputes." Mem. Opp'n. Mot. Dismiss Ex. A, at 11. The Defendants claim that this conflicts with Count One of the Complaint.

In Count One, the Plaintiffs claim that Defendants' infringement has been willful, "making this case exceptional and entitling Gore to increased damages and other relief pursuant to 35 U.S.C. §§ 284 and 285 of the patent statute, to any extent not prohibited by the Agreement." Compl. ¶ 18. Further, in the Complaint's prayer for relief, the Plaintiffs also request "increased

---

4. "If the court uses the prima facie method and then denies the motion to dismiss, the defendant may proceed to trial on the merits without waiving the jurisdictional challenge. A defendant who challenges the jurisdictional facts is entitled to have the court decide, at some point, whether the defendant is in fact subject to the court's jurisdiction." 2–12 Daniel R. Coquillette et al., *Moore's Federal Practice* § 12.31[5] (3d ed. updated through 2010).

money damages not prohibited by the Agreement." According to the Defendants, the Plaintiffs have relinquished the right to request enhanced damages in the Agreement and thus "the Court should dismiss Gore's Complaint." Mem. Supp. Mot. Dismiss 5.

■ Defendants cite no case law for the premise that an entire Complaint should be dismissed on the ground that the Plaintiffs seek damages that are above and beyond a limitation on damages agreed to by the parties in a prior agreement. While the Court notes, but does not decide, that the Agreement between the parties may ultimately limit the amount of damages that Plaintiffs may recover if successful, such a limitation does not mean that the Plaintiffs have "fail[ed] to state a claim upon which relief can be granted" as contemplated by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R.Civ.P. 12(b)(6). Moreover, the Plaintiffs' claim for damages is expressly limited in the Complaint to damages "not prohibited by the Agreement." Compl. ¶ 18. As a result, the Court denies that portion of Defendants' motion to dismiss which alleges that the damages requested are beyond the scope of the parties' prior Agreement.

While the Court has resolved the Defendants' procedural objections, it must next turn to the substantive component of the Defendants' motion to dismiss.

### 2. Failure to State a Claim

### A. The Plausibility Standard and Form 18

The Defendants next argue that the Plaintiffs' Complaint should be dismissed because it fails to meet the minimum requirements of pleadings as set forth in the Supreme Court's *Twombly* and *Iqbal* decisions. The Plaintiffs counter that the Complaint closely tracks Form 18, found in the Appendix to the Federal Rules of Civil Procedure, and thus it is sufficient to withstand a motion to dismiss under Rule 12(b)(6). "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law. Thus, on review [this Court must] apply the law of the regional circuit." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir.2007).

Since the regional circuit is bound by Supreme Court jurisprudence, the Court first looks to the Supreme Court for guidance on the necessary standards by which to assess a motion to dismiss. According to the Supreme Court in *Twombly*, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, while a complaint need not contain "detailed factual allegations" in order to overcome a Rule 12(b)(6) motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Id.* Claims must be supported by sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955.

In *Iqbal*, the Court elaborated on its holding in *Twombly*. It stated that "[t]wo working principles underlie our decision in *Twombly*." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The first was that the Court need

not accept as true legal conclusions made by the Plaintiff. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949.

This standard of pleading discussed in *Twombly* and *Iqbal* must be compared to Form 18, found in the Appendix to the Federal Rules of Civil Procedure. While *Iqbal* counsels that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss under Rule 12(b)(6), Form 18 appears to contain just that. The Form, in its entirety, does not contain extensive factual allegations. It only includes the following:

(Caption—See Form 1.)

1. (Statement of Jurisdiction—See Form 7.)

2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;

(b) an accounting for damages; and

(c) interest and costs.

(Date and sign—See Form 2.)

Fed.R.Civ.P.App. Form 18 (emphasis in original). While the scant factual allegations found in this form may appear to conflict with *Twombly's* plausibility standard, it must be noted that Rule 84 of the Federal Rules of Civil Procedure states that "[t]he forms in the Appendix *suffice under these rules* and illustrate the simplicity and brevity that these rules contemplate." Fed.R.Civ.P. 84 (emphasis added). Therefore, the operative question is whether a pleading that closely tracks Form 18 states sufficient facts to survive a motion to dismiss under *Twombly,* despite its presentation of little more than threadbare recitals of the elements of a cause of action for direct infringement.

Numerous courts have wrestled with this issue. "Some district courts have concluded ... that while the Court otherwise must apply the plausibility standard of *Twombly* and *Iqbal* to patent claims and counterclaims, for allegations of direct infringement, pleading in conformance with Form 18 is sufficient." *Microsoft Corp. v. Phoenix Solutions, Inc.,* 741 F.Supp.2d 1156, 1158 (C.D.Cal.2010). "Other district courts have concluded *Iqbal* controls all claims in patent litigation and require plaintiffs alleging direct infringement, to 'include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing.'" *Id.* at 1158–59 (quoting *Bender v. LG Elecs. U.S.A., Inc.,* No. C 09–02114 JF (PVT), 2010 WL 889541, at *6, 2010 U.S. Dist. LEXIS 33075, at *6 (N.D.Cal. Mar. 11, 2010)).

The Fourth Circuit has yet to consider a motion to dismiss in a patent case post-*Twombly* and *Iqbal*, therefore, this Court will look to the Federal Circuit for guidance. *Adiscov, LLC v. Autonomy Corp., PLC*, 762 F.Supp.2d 826, 828–30 (E.D.Va. 2011). One of the hallmark cases on the continuing viability of Form 18 in the wake of *Twombly* and *Iqbal* is *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed.Cir. 2007), a post-*Twombly* pre-*Iqbal* decision. In *McZeal*, the Federal Circuit was faced with the question of whether a *pro se* plaintiff's complaint, which follows the requirements of Form 18 (Form 16 at the time of that case), can survive a motion to dismiss under Rule 12(b)(6). *Id.* at 1357. The Federal Circuit held that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend," *id.*, and a complaint that tracks Rule 18 "contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion."[5] *Id.*

 It is difficult to reconcile the pleading standards set forth in *Twombly* and *Iqbal* with the legally conclusive form of pleading found in Form 18. However, the Court agrees with the post-*Twombly* holding in *McZeal* that a litigant who complies with the provisions of Form 18 has sufficiently stated a claim for direct infringement as contemplated by Rule 12(b)(6). In reaching this conclusion the Court relies on the language of Rule 84 and statements made by the Supreme Court in *Twombly*. As noted earlier, Rule 84 unequivocally states that the forms found in the Appendix "suffice under these rules." Fed R. Civ. P. 84. Moreover, in *Twombly*, the Supreme Court stated that the alteration of the Federal Rules can only be

accomplished "'by the process of amending the Federal Rules, and not by judicial interpretation.'" *Twombly*, 550 U.S. at 569 n. 14, 127 S.Ct. 1955. Since the Federal Rules state that compliance with the forms is sufficient, and the Supreme Court's decisions in *Twombly* and *Iqbal* could not have amended the Federal Rules, a complaint alleging literal infringement that tracks Form 18 is sufficient to withstand a motion to dismiss under Rule 12(b)(6).

The Court notes, however, that this conclusion could change if the Court were presented with a different factual scenario, such as a claim under a doctrine of equivalents theory or a claim asserting infringement of a design patent. On the issue of the interaction between Form 18 and the doctrine of equivalents, in Judge Dyk's dissenting opinion in *McZeal*, he noted that Form 16 (Form 18 today) "does not appear on its face to address the doctrine of equivalents." *McZeal*, 501 F.3d at 1361 (Dyk, J., dissenting). Since, according to Judge Dyk, the Supreme Court has suggested "that the forms should not be interpreted as going beyond the fact situation described in the form," *id.*, in analyzing the doctrine of equivalents claim before him, Judge Dyk applied the *Twombly* standard of plausibility. *Id.* at 1362–63. Under that standard, he concluded that "McZeal's conclusory allegations of infringement under the doctrine of equivalents are insufficient." *Id.* at 1361. Similarly, in a recent unpublished opinion by the Federal Circuit involving a design patent, the court noted that "[f]orm 18 is a sample pleading for patent infringement, but is not tailored to design patents and was last updated before the Supreme Court's *Iqbal* decision." *Colida v. Nokia, Inc.*, 347 Fed.Appx. 568, 571 n. 2 (Fed.Cir.

---

**5.** *McZeal* involved a pro se Plaintiff and the Federal Circuit noted that his complaint had to overcome a lower bar with respect to pleading requirements than a non-*pro se* litigant. *McZeal*, 501 F.3d at 1356.

2009) (unpublished per curiam decision). In light of the above statements by Judge Dyk and the Federal Circuit, Form 18's continuing viability post *Twombly* and *Iqbal* in contexts other than literal infringement claims is an open question. However, this Court need not address that issue in the present context. Since the Complaint before this Court alleges literal infringement, and does not involve a design patent, such Complaint is sufficient to withstand a challenge under Rule 12(b)(6), so long as it closely tracks Form 18. Therefore, this Court must next address whether the Complaint in the present case contains similar allegations to those contained in Form 18.

### B. Comparison of Form 18 and the Plaintiffs' Complaint

■ The first paragraph of Form 18 contains a statement of jurisdiction. Fed. R.Civ.P.App. Form 18, ¶ 1. Plaintiffs' Complaint also includes allegations of jurisdiction, with paragraph seven alleging subject matter jurisdiction and paragraphs eight and nine establishing the basis for personal jurisdiction. Compl. ¶¶ 7–9. The second paragraph of Form 18 names the patented invention in controversy, alleges that the plaintiff owns the patent, and that such ownership lasted throughout the period of defendant's infringement. Of note, Form 18 gives very little description of the invention example, describing it only as an "electric motor." Fed.R.Civ.P.App. Form 18, ¶ 2. Similarly, Plaintiffs' Complaint states that the "'870 patent ... issued on September 22, 1998" and that Plaintiffs are the owners and/or licensees of the patent. It also implies that this ownership/licensing has continued throughout the Defendants' infringement. Compl. ¶¶ 11–13. Additionally, much like the simple description of an "electric motor," Plaintiffs' Complaint describes the invention simply as an "Intraluminal Stent Graft." Compl. ¶ 11.

Third, Form 18 contains a statement that "[t]he defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention." Fed.R.Civ. P.App. Form 18, ¶ 3 (emphasis in original). In the same vein, Plaintiffs' Complaint states that "defendants ... are infringing ... the '870 patent by making, using, offering to sell, selling, and/or importing the Talent Abdominal Stent Graft and the Talent Thoracic Stent Graft." Compl. ¶ 16. Lastly, Form 18 states that plaintiff has placed notice of the patent on all electric motors that it manufacturers and has given the defendant notice of infringement. Fed.R.Civ.P.App. Form 18, ¶ 4. This statement of "notice" requires further discussion in light of the Complaint currently before the Court.

The Complaint in the present case does not have a paragraph asserting that the Defendants have been given notice. On this point, the Plaintiffs argue that notice is not required before bringing an action for patent infringement. The Defendants, on the other hand, referring to Form 18, state that notice "is required for a direct infringement claim." Mem. Supp. Mot. Dismiss 8.

The Defendants have not pointed to any statutory language that indicates that "notice" is a necessary element of a direct infringement claim. While they do correctly note that "notice" is included in Form 18, the fact that certain paragraphs are included in Form 18 does not necessarily mean that each paragraph is a required element of a direct infringement claim. According to statute, a direct infringer is one who "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent there-

for." 35 U.S.C. § 271(a). No notice requirement is found in 35 U.S.C. § 271(a).

■ A notice requirement is found in the code provision discussing limitation on damages in patent actions. That provision specifically states that "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a). Further, that provision indicates that the "[f]iling of an action for infringement shall constitute such notice." *Id.* The plain meaning of that excerpt indicates that the time of the notice is crucial for the Plaintiff because it dictates the point from which infringement can lead to damages. Requiring notice for damages, however, does not indicate that notice is a necessary element of a direct infringement claim or that the lack thereof in a complaint warrants dismissal. *See Cal. Inst. of Computer Assisted Surgery, Inc. v. Med–Surgical Servs., Inc.,* No. 10–02042, 2010 WL 3063132, at *2, 2010 U.S. Dist. LEXIS 80599, at *6 (N.D.Cal. Aug. 3, 2010) ("Even if Plaintiff did not provide Defendant with notice prior to filing the complaint, damages are available from the date the complaint was served on Defendant. Defendant's claim that Plaintiff's complaint should be dismissed with prejudice because lack of notice prior to serving the complaint precludes an award of damages, therefore, is without merit."). *See also Adiscov, LLC,* 762 F.Supp.2d at 828–29 (quoting *Taltwell, LLC v. Zonet USA Corp.,* 2007 WL 4562874, at *14, 2007 U.S. Dist. LEXIS 93465, at *14 (E.D.Va. Dec. 20, 2007)) (stating that a complaint is sufficiently plead under *Twombly* if the complaint " '(1) asserts that the plaintiff owns the patent at issue; (2) names the defendants; (3) states that the defendant in-

fringed the patent; (4) describes, in general terms, the means by which the patent was infringed; (5) and identifies the specific parts of patent law that are implicated.' "); 5–16 Chisum, Donald S. *Chisum on Patents* § 16.01 (2010) ("Direct infringement thus consists of the making, using, selling or offering for sale, within the United States, or the importing into the United States, during the term of the patent, the invention defined by a patent's claims, without the patent owner's authority."). *But see Best Med. Int'l v. Accuray, Inc.,* 2:10–cv–1043, 2010 WL 5053919, at *5, 2010 U.S. Dist. LEXIS 128367, at *13 (W.D.Pa. Dec. 2, 2010) (relying on Form 18 and *McZeal* to hold that " 'notice' is an essential element of the prima facie case. . . ."). As a result, the Court finds that the absence of a paragraph in the Plaintiffs' Complaint regarding "notice" does not warrant dismissal under Rule 12(b)(6). Consequently, since the Plaintiffs' allegations have tracked the direct infringement elements contained in Form 18, and Form 18 is sufficient to withstand a motion to dismiss for direct infringement, the Court denies the Defendants motion to dismiss for failure to state a claim.

### C. Number of Defendants

The Defendants next argue that even if a complaint tracking Form 18 sufficiently states a cause of action against a *singular* defendant, a complaint against multiple defendants must provide additional facts in order for each defendant to be put on notice of the specific violations alleged. In response, the Plaintiffs state that their Complaint asserts that "Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular Inc. are *each* directly infringing the claims of the '870 patent." Mem. Opp'n. Mot. Dismiss 9. In Defendants' reply brief, they note Plaintiffs' response and inform the Court that they "will withdraw [their]

pending Motion if Gore agrees to amend its Complaint to be clear that Gore accuses each named Medtronic entity of direct infringement, and that the Complaint serves as notice of that position." Def.s' Reply 2. In light of the parties' agreement on this issue, and the fact that the Complaint is readily susceptible to Plaintiffs' explanation of their allegations, the Court will construe the Complaint as alleging direct infringement against *each* of the three Defendants. Given the Court's interpretation of the Complaint, Plaintiffs need not file an amended complaint with respect to the issue of direct infringement, though they are free to do so since they must amend their Complaint as discussed below.

### D. Withdrawal of Indirect Infringement Allegation

As mentioned above, Plaintiffs will need to amend their Complaint with respect to allegations of indirect infringement. In Plaintiffs' response brief, they state that in order "[t]o narrow the issues in dispute, Gore has decided to drop [their] allegations of indirect infringement at this stage, and will file an amended complaint once the Court has fully resolved this motion." Mem. Opp'n. Mot. Dismiss 10. Defendants note in their reply brief that "Medtronic's Motion to Dismiss on this portion [indirect infringement] of Gore's Complaint would be moot if the Court grants Gore leave to file an amended Complaint that does not allege indirect infringement." Def.s' Reply 3. As a result of the agreement of the parties, the Court grants Plaintiffs leave to amend the Complaint to remove the allegations of indirect infringement. Upon amendment by the Plaintiffs, the Court will deem Defendants' motion to dismiss on that issue as moot.

### III. Conclusion

For the reasons stated above, the Court concludes that it does have personal jurisdiction over the Defendants in this matter, and therefore it **DENIES** Defendants' motion to dismiss under Rule 12(b)(2), alleging a lack of personal jurisdiction. Additionally, the Court has determined that the Plaintiffs' claim of direct infringement sufficiently tracks Form 18 and is thus sufficient to withstand a motion to dismiss under Rule 12(b)(6). The fact that Form 18 includes a paragraph discussing "notice" and only references one Defendant does not alter this Court's calculus. As a result, the Court **DENIES** Defendants' motion to dismiss under Rule 12(b)(6). However, as discussed above, Plaintiffs are hereby **GRANTED** leave to amend the Complaint with respect to allegations of indirect infringement. The Amended Complaint must be filed by **May 6, 2011.**

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**